UNITED STATES, Appellee

v

ANTHONY G. REAL, Private E-2, U. S. Army, Appellant

8 USCMA 644, 25 CMR 148

No. 10,305

Decided January 31, 1958

*Major Edward Fenig* and *First Lieutenant William H. Carpenter* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee, Major Thomas J. Nichols, First Lieutenant Richard W. Young,* and *First Lieutenant Jon R. Waltz* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was charged with and convicted of interference with the mail and larceny, in violation of Articles 134 and 121, Uniform Code of Military Justice, 10 USC §§ 934 and 921, respectively. He was sentenced to dishonorable discharge, total forfeitures, and confinement for one year. Intermediate appellate agencies having affirmed, we granted a petition for review to consider whether the charges of interference with the mail and larceny are multiplicious.

Charge I alleged a violation of Article 134 in that the accused:

"... did ... on or about 22 December 1956, wrongfully and unlawfully open and secrete certain letters, addressed to ... [therein follows the names of twenty-five addressees] which said letters were then in the mail room of Headquarters Company, 3rd Battalion, 28th Infantry, US Army, room B, bldg #9, having previous [sic] been committed to Private Anthony G Real, then Company Mail Clerk of Headquarters Company 3rd Battalion, 28th Infantry, US Army, before such letters were delivered to the persons to whom they were directed."

Charge II states a violation of Article 121:

"In that Private Anthony G Real, ... did, ... on or about 22 December 1956, steal money of the United States of a value of about $5.00 dollars, the property of Private Jack L. Cauffman, US Army, and a United States postal money order in the amount of $35.00, the property of Private Fernand A. Paradis, US Army."

As the accused pleaded guilty, the only evidence which we have before us is found in a stipulation of facts introduced at the trial. Therein it was admitted that the accused was a mail clerk from November 28, 1956, to January 9, 1957, in Headquarters Company; that during this time he, without authority, opened, examined, and then secreted in his foot locker, the letters and cards belonging to the persons alleged in the specification of Charge I; and that he took $5 from an envelope addressed to Private Cauffman and a U. S. Postal money order from an envelope addressed to Paradis.

The accused's counsel contend that the Article 134 specification charges larceny of the mail, while the Article 121 specification alleges larceny of

**645**

money and a postal order contained therein, and thus United States v DiCario, 8 USCMA 353, 24 CMR 163, is controlling. With this analysis we must disagree.

In DiCario, the accused was charged with stealing nine letters and also of the larceny of money found therein. There the majority of this Court said:

". . . It is also the general rule that only a single theft is committed when the thief takes one article which contains other articles within it. . . ." [Page 361.]

The offense alleged in the first specification in the instant case is entirely different. This specification states that the accused unlawfully opened and secreted certain letters. That is an allegation of simply tampering with the mail, see Appendix 6c, Specification 152, Manual for Courts-Martial, United States, 1951, and not larceny. In United States v Geppert, 7 USCMA 741, 23 CMR 205, the Government argued, as does accused in this case, that a specification properly alleges an offense if words are substituted which have the ordinary connotation of the specific words stated in the Code. There the Government had claimed that "wrongfully withheld" expressed sufficient criminal intent to allege the Article 121 offense of wrongful appropriation. We answered that contention by stating:

". . . Second, assuming similarity in ordinary usage, in the military community, wrongful appropriation is a 'term of art,' deriving its special meaning from the Uniform Code of Military Justice. However, wrongful withholding has not been given the same considered treatment. . . . Wrongful appropriation, then, in the military connotes the wrongful obtaining or withholding of certain goods, coupled with the specific intent temporarily to deprive another of the use and benefit of his property. It is for that reason that the phrase wrongful appropriation states by fair implication both of those elements of the offense.

"On the other hand, the term with-holding, whether wrongful or otherwise, has no such special meaning, and it has not been defined in military law to include any criminal mens rea. Rather, it is only mentioned in the Code or the Manual in its ordinary sense, and it there indicates only one of the types of possession, which must be coupled with the necessary intent to make out either larceny or wrongful appropriation. Article 121, Uniform Code of Military Justice, supra; Manual for Courts-Martial, United States, 1951, paragraph 200. If, therefore, wrongful withholding must be combined with an element of specific intent to equal misappropriation, the two cannot be synonymous. Accordingly, since the term wrongful withholding does not fairly embrace any specific intent, the specification does not allege wrongful appropriation."

Here, it is our opinion that the phrase "open and secrete" does not allege the intention necessary to charge the crime of larceny. Thus, unlike United States v DiCario, this accused was not charged with two larcenies arising out of one transaction.

Although we could dispose of this appeal upon the above grounds, there are other reasons for supporting the sentence. First, the specification fails to allege and the stipulation does not establish that the stolen articles which were a basis of Charge II were taken from the same letters which were alleged secreted under Charge I. In fact, the record does not even show that the twenty-five letters and the articles of value were taken in one transaction. Second, in United States v DiCario, supra, the accused stole nine letters and pilfered the contents of all nine. Here the accused was working in a mail room and opened and secreted twenty-five letters during a period of more than one month. Even if we go to the allied papers, which we are not obliged to do, and find that the money order and five dollars which were stolen were taken from two of the letters which the accused was convicted of secreting under Charge I, that would still leave twenty-three letters which were not involved

646

in the proof of Charge II. Certainly, the accused could not maintain multiplicity as to the charge of opening and tampering with these letters. We think that it would be reasonable to assume the accused's sentence would not be reduced by the omission of these two letters from Charge I as his dealing with the remaining twenty-three letters proves beyond a reasonable doubt the basic accusation of interference with the mail.

Our final consideration is the words of the accused himself. In electing to speak in mitigation, he  disclosed that he did not take the letters for pecuniary reasons. He went on to say that there were several takings, and his only motivation was an unexplainable curiosity.

If such is the case, it is fairly inferable that the record would support a theory that he was guided by two independent impulses. That construction necessarily destroys the fabric of accused's contention of multiplicity.

Therefore, we affirm the decision of the board of review.

Judge FERGUSON concurs in the result.

QUINN, Chief Judge (concurring in the result):

I concur in the result on the ground last mentioned in the principal opinion. Cf. United States v Swigert, 8 USCMA 468, 24 CMR 278.