UNITED STATES, Appellant

v

HERMAN D. KLEINHANS, Specialist Four,
U. S. Army, Appellee

14 USCMA 496, 34 CMR 276

No. 17,340

April 3, 1964

First Lieutenant John C. Cortesio, Jr., argued the cause for Appellant, United States. With him on the brief were Colonel Bruce C. Babbitt and Lieutenant Colonel Francis M. Cooper.

Captain Daniel H. Benson argued the cause for Appellee, Accused. With him on the brief was Colonel Joseph L. Chalk.

## Opinion of the Court

KILDAY, Judge:

Accused pleaded guilty to charges of unlawfully opening mail matter and larceny of United States currency therefrom, in violation of Articles 134 and 121, Uniform Code of Military Justice, 10 USC §§ 934 and 921, respectively. He was sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for two years, and reduction to the grade of E–1. In conformity with a pretrial agreement, the convening authority reduced the confinement to one and one-half years but otherwise approved the sentence. An army board of review held that the offenses were multiplicious for sentencing purposes and reduced the confinement to one year while otherwise affirming the other portion of the sentence.

This case is before us on certification by The Judge Advocate General of the Army to determine the correctness of the board's action.

The facts upon which the charges were based and upon which the single issue turns were stipulated by the parties at trial. On the day in question the accused, a postal clerk, was given a registered mail sack for delivery to a postal officer some distance from his station. He placed the sack in the back of a truck and, armed with a rifle, guarded it while another drove with an assistant driver accompanying him in the front seat. Accused was aware that one of the items in the sack was an envelope containing $6,886.86 in United States currency, property of the United States. En route, the accused ripped open the mail bag, found the envelope and extracted a sum of money, later determined to be $4,886.00. He then requested the driver to stop at the next rest stop, and the driver complied. The accused dismounted and disappeared into the woods. When he did not return, the mail sack was examined and the

496

theft discovered. The accused was apprehended the following day with all but about $4.00 or $5.00 of the missing money. He admitted opening the bag, extracting the money from the envelope, and spending some before his apprehension.

The question of multiplicity was first raised immediately after arraignment and plea. In an out-of-court conference to determine the providence of accused's plea, the pretrial agreement, noted above, was disclosed. At this point the question of separability of the offenses for purpose of punishment was raised by the law officer. He indicated that he would rule thereon prior to argument on sentence. The accused, through his counsel, acknowledged his awareness of the fact that the permissible maximum punishment would be either five or ten years, depending upon the law officer's ruling; that he had considered this issue prior to entering into the agreement; and that regardless of the ultimate decision he intended to stand by his negotiated plea. Ultimately, the law officer ruled that the offenses were separate and instructed the court that the maximum permissible confinement for each offense was five years, a total of ten years for the offenses charged.

As noted above, the board of review concluded that the law officer erred therein and reassessed the sentence reducing it to one year's confinement.

At the outset, it should be noted that this was a split decision by the board of review, the majority basing its decision on the rationale and holding of this Court in United States v Dicario, 8 USCMA 353, 24 CMR 163, while the dissenting member found it distinguishable from *Dicario* and United States v Swigert, 8 USCMA 468, 24 CMR 278, and analogous to our holding in United States v Real, 8 USCMA 644, 25 CMR 148. This difference in views, based as it is on a factual determination, is understandable for even the law officer recognized that "this case here today is probably somewhere in between the DiCario and Real cases."

In United States v Dicario, supra, the accused was charged with the *theft* of nine letters from the mailbox in the Unit Mail Room and larceny of the contents thereof, in violation of Articles 134 and 121, supra, respectively; and, the law officer instructed that these offenses were separate for punishment purposes. In an opinion by Chief Judge Quinn, with Judge Ferguson concurring, this Court found that the evidence showed only a single larceny of all the letters and took the view that "When such similarity of proof exists in regard to a single act committed by the accused, the offenses are not separately punishable. United States v Brown, 8 USCMA 18, 23 CMR 242." Judge Latimer dissented on the ground that each offense required proof of an element not necessary to prove the other and that these offenses were, therefore, separately punishable.

In United States v Real, supra, the accused was charged with wrongfully and unlawfully opening and secreting mail and larceny in violation of the above-cited articles of the Code. Factually, it was stipulated that Real opened, examined, and then secreted in his footlocker, letters and cards belonging to twenty-five different addressees. Thereafter he took a sum of money and a postal money order from envelopes addressed to two of the individuals whose names appeared among the twenty-five in the first charge. The issue of multiplicity was raised by the accused and Judge Latimer, in writing for the Court, distinguished *Real* from *Dicario* on the ground that while the latter case alleged two larcenies arising out of one transaction, Real was in fact charged with one count of larceny and one count of opening and secreting mail, which latter charge did not allege the intention necessary to charge the crime of larceny. The author Judge in *Real* also found that while the record did not definitely disclose whether the larceny was accomplished from letters taken in the mail offense, it mattered not inasmuch as even though this were so there would still be twenty-three letters not involved in the larceny charge. As an additional factor for his decision he pointed out that the accused, in mitigation, disclosed he did not take the letters for pecuniary reasons, that there were several takings and his only motivation was an unexplainable curiosity. He found there-

**497**

from that the record would fairly support a theory of two independent impulses.

Judge Ferguson concurred in the result, in *Real*, without opinion, and Judge Quinn concurred in the result on the basis that the record would fairly support a theory that accused was guided by two independent impulses.

The similarities and differences between these two cases and the case at bar are readily discernible. Each accused was charged with larceny under Article 121, supra, and a mail offense under Article 134, supra. The larceny charges differed only as to amount and ownership of the funds—Dicario stole money, "property of the Unit Mail Custodian"; Real stole cash and a postal money order, property of two named individuals; and Kleinhans took United States currency, "property of the United States Government"—and we are not immediately confronted with those issues.

Our concern, however, is with the manner in which the mail offenses were charged. The military mail offenses are the substantial equivalents of the Federal mail offenses, Sections 1702 and 1708, Title 18, United States Code. The Manual for Courts-Martial, United States, 1951, Appendix 6c, sets forth sample specification numbers 151 and 152 comporting with these statutes. In the three cases under consideration, all were charged in accordance with sample specification number 152 (Section 1708), which, generally, prohibits the wrongful and unlawful opening, secreting, destroying, or stealing mail prior to delivery to the person to whom addressed. As noted above, Dicario was charged with *stealing*, Real with *opening* and *secreting*, and this accused with *opening*. To the extent that Real and Kleinhans were each charged with unlawfully *opening* mail, these cases are similar. But there, except for the subsequent larcenies, the similarity ends for Real testified that he had no intent to commit larceny at the time of the opening, being motivated solely by an unexplainable curiosity. His impulse to steal from the contents was generated at a later date. Also there were several takings in *Real*, over a period in excess of one month and only one in the case at bar. In *Dicario*, however, as in this case, there is a distinct similarity in that there was but one "handling" of the mail, whether it be charged as a *taking* or *opening*, generated by a single impulse, or intent, to commit larceny. To this extent, these cases are on all fours and dissimilar in that major aspect from the factual situation in *Real*.

We are faced then with deciding whether this aspect of the case is controlling and we think that it is. We find herein none of the additional factors on which the decision in *Real* was based. Certainly Kleinhans was not motivated by curiosity for he knew beforehand that the money was to be sent and his action had but one desired result—unjust enrichment. Dicario's intent was the same. Of contrast also are the several takings and the time element in *Real*, as against the one-shot action here and in *Dicario*. On the basis of the evidence of record, this case is not sufficiently similar to *Real* to warrant the same result. In addition, it would be anomalous and illogical were we to hold that this accused could be sentenced for both offenses where he left behind the envelope and part of the contents, but for only one offense had he had foresight to take it all with him when he departed from the truck.

This is not to say that in a proper case these offenses would not be separately punishable. The facts in each case would be controlling. Cf Ex parte Lagomarsino, 13 F Supp 947 (ND Calif) (1936); Smith v United States, 211 F2d 957 (CA 6th Cir) (1954); Stevens v McClaughry, 207 Fed 18 (CA 8th Cir) (1913); Kerr v Squier, 151 F2d 308 (CA 9th Cir) (1945). But where, as here, "similarity of proof exists in regard to a single act committed by the accused, the offenses are not separately punishable." United States v Dicario, supra.

The certified question is therefore answered in the affirmative. The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.