UNITED STATES, Appellee

v

RAYMOND W. BUCHHORN, Specialist Four, U. S. Army, Appellant

15 USCMA 556, 36 CMR 54

No. 18,800

December 17, 1965

*Captain Frank J. Martin, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*Lieutenant Colonel Francis M. Cooper* argued the cause for Appellee, United States. With him on the brief was *Captain Walter L. Harvey.*

## Opinion of the Court

QUINN, Chief Judge:

On his plea of guilty a general court-martial convicted the accused of three specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and imposed a sentence which included a dishonorable discharge. The accused now contends the plea of guilty was improvident.

Each of the three specifications alleges the theft of a United States Government check drawn to a named payee. In each instance the value alleged was the face value of the check. The evidence shows the checks were stolen from letters taken from the mail room by the accused when he served as a mail clerk. Thereafter, the accused forged

the names of the payees and cashed the checks.

The first of the two reasons assigned by the accused to support his allegation of error is that, in a prosecution under Article 121, a check has no value other than its intrinsic value as a mere piece of paper. We considered the same contention in United States v Windham, 15 USCMA 523, 36 CMR 21, and held that, as provided in the Manual for Courts-Martial, United States, 1951, paragraph 200a(7), checks placed in circulation "may be considered to have the value which they represented" at the time of their theft. *Id.*, at page 362. The allegation of value in each specification, therefore, was correct; and it could not have misled the accused to his prejudice.

The second circumstance relied upon by the accused is a purported variance between the allegation and the proof of ownership. Ownership was alleged in the respective payees. The accused contends the real owner was the drawer, the United States Government. He concedes that, in the absence of a fair risk of prejudice, a variance in the proof of ownership is not fatal to an otherwise valid conviction for a violation of Article 121. United States v Craig, 8 USCMA 218, 24 CMR 28. He insists, however, that the alleged variance is prejudicial because he was misled as to the value of each check. According to his theory, the checks still belonged to, and were in the possession of, the United States when they were stolen. On that basis, he concludes they were undelivered instruments, without legal effect as commercial paper and, therefore, had value only as mere pieces of paper. The difference between face value and intrinsic value is material. As scraps of paper, the maximum confinement to which the accused was liable was eighteen months; but, if each check had a value corresponding to its face value, the maximum confinement was fifteen years. This mistake as to value, contends the accused, made his plea of guilty improvident.

Underpinning the accused's theory is Clark v United States, 268 Fed 329,

330 (CA 6th Cir) (1920). There, a postmaster received payroll checks for delivery to post-office employees. Before a check could be delivered to an employee he had to sign the payroll record. The accused stole one of the checks before the employee even signed the payroll. One of the errors assigned by the accused, on appeal from his conviction, was that an " 'undelivered check has no other value to the drawer than a blank check.' " The Court of Appeals indicated that the "contention might obtain if it were necessary . . . to apply the common-law definition of larceny to the crime charged," but it construed the statute as supporting the charge, without regard to the actual value of the instrument. This part of the court's opinion, therefore, can hardly be interpreted as conclusive of the question. However, the court did hold that as long as the postmaster, who was the drawer, retained possession of the check, it was an undelivered instrument in which the payee had no interest. The situation of the payees of the checks in issue here is quite different. These checks were drawn by different agencies for various reasons. One of the checks, for example, was for an income tax refund. All were placed in mail channels for delivery to the payees.

In United States v Real, 8 USCMA 644, 25 CMR 148, we assumed, without discussion, that in a prosecution under Article 121 for theft of the contents of a letter, the addressee could properly be alleged as the owner. The assumption is supported in fact and law. The addressee of regular mail matter has the right to possession thereof, as against other persons. 39 CFR § 3.1. Referring to the propriety of alleging ownership in the addressee in an indictment charging theft from the mail, the court in United States v Jones, 31 Fed 725, 726 (SD Ga) (1887), said:

". . . It may be true that to send money through the post is at the risk of the sender, in the absence of authorization to use the mails; but, unquestionably, the party to whom it is addressed, after it has left the mailing office, has a qualified interest in the letter, and a title to the valuable contents, upon which he could

maintain trover against a third party unlawfully obtaining its possession. In the case of *U. S. v Jackson,* reported in 29 Fed Rep 503, and subsequently in 9 Crim Law Mag 325, this court, in charging the jury, said that when the ownership of a registered letter and its contents is alleged to be in the person to whom the proof shows it was directed, and the proof shows that when it was stolen the sender had deposited it with the postmaster, taking his receipt therefor, and it had, by due course of mail, left the mailing office, that its custody by the post-office department was for the benefit of the person to whom it was addressed, that it was his property, the sender had no control over it, and there is no variance."

Postal regulations now authorize the sender to reclaim matter deposited in the mail, before actual delivery to the addressee. 39 CFR § 43.5 ■ (a). It may be, therefore, that the Post Office Department is not a trustee for the addressee in the broad and unqualified sense suggested in the *Jones* case. Still, if the sender does not file the requisite request and pay the required fee, the addressee is entitled to the mail matter sent to him. To the addressee, the value of the contents of a letter addressed to him is, at least, the market value thereof. In the case of a check, it is the face value of the instrument. United States v Windham, supra.

Ownership and value were, therefore, properly alleged in the specifications. It follows that the accused's plea of guilty was not improvident. Accordingly, the decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.