UNITED STATES

v.

William Allen TENNEY, 186 46 1761, Aviation Ordanceman Airman Apprentice (E–2), U. S. Navy.

NCM 75 2969.

U. S. Navy Court of Military Review.

Sentence Adjudged 22 July 1975.

Decided 24 June 1976.

LT Robert R. Sparks, Jr., JAGC, USNR, Appellate Defense Counsel.

CAPT Ronald J. Waicukauski, USMCR, Appellate Government Counsel.

Before EVANS, Senior Judge, and MALLERY and GREGORY, JJ.

GREGORY, Judge:

By its order of 5 April 1976,[1] the United States Court of Military Appeals vacated the decision of this Court in *United States v. Tenney,* 1 M.J. 965 (N.C.M.R. 1975), and remanded the case for action not inconsistent with its opinions in *United States v. Smith,* 1 M.J. 260 (1976), and *United States v. Hughes,* 23 U.S.C.M.A. 169, 51 C.M.R. 388, 1 M.J. 346 (1976).

Pursuant to his pleas, appellant was convicted in a general court-martial bench trial of six specifications in violation of Article 92, 10 U.S.C. § 892, Uniform Code of Military Justice, alleging the following:

Specification 1: Wrongful sale of four tablets of LSD on 7 May 1975

Specification 2: Wrongful transfer of four tablets of LSD on 7 May 1975

Specification 3: Wrongful sale of thirteen tablets of LSD on 7 May 1975

Specification 4: Wrongful transfer of thirteen tablets of LSD on 7 May 1975

Specification 5: Wrongful possession of seventy five tablets of LSD on 7 May 1975

Specification 6: Wrongful possession of some amount of marijuana on 7 May 1975.

The appellant was sentenced by the military judge to a bad conduct discharge, confinement at hard labor for ten months, forfeiture of $175.00 per month for ten months, and reduction to pay grade E–1. Pursuant to a pretrial agreement, the convening authority reduced the duration of the confinement and forfeitures to seven months, but otherwise approved the sentence. This Court affirmed the findings and sentence without modification.

The information developed during the *Care* inquiry[2] reveals that on the afternoon of 7 May 1975 appellant transferred and sold the four tablets of LSD mentioned in specifications 1 and 2 to a Seaman Apprentice Coleman. A short time later, Seaman Apprentice Coleman introduced appellant to a Mr. Baker, who was identified as a "close friend" of Coleman. Appellant then transferred and sold the thirteen tablets of LSD mentioned in specifications 3 and 4 to Mr. Baker. Much to appellant's dismay, Mr. Baker turned out to be a special agent of the Naval Investigative Service. Both of these transactions occurred in the barracks room assigned to appellant. Following the transaction with Mr. Baker, appellant was forthwith placed under apprehension. An ensuing search of appellant's locker in the barracks room discovered an additional seventy-five tablets of LSD, as mentioned in specification 5, and the marijuana mentioned in specification 6.

At trial, the military judge determined that specifications 1 and 2 were multiplicious for sentencing purposes, as were specifications 3 and 4 [R. 17]. With the concurrence of defense counsel and trial counsel, the military judge advised appellant that the maximum sentence could include confinement at hard labor for eight years [R. 15].

In his petition to the Court of Military Appeals, appellant argued that specifications 1–5 merged for sentencing purposes and constituted but one punishable offense; and taken together with specification 6 authorized only four years' confinement for all offenses, citing *United States v. Smith, supra.* Appellant's petition was submitted prior to the Court's decision in *United States v. Hughes, supra.* Appellant contended that the disparity in the maximum permissible punishment rendered his plea of

---

1. *United States v. Tenney,* No. 31,701 (U.S.C. M.A. 5 April 1976).

2. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

guilty improvident on the basis of *United States v. Harden*, 1 M.J. 258 (1976).

The order of the Court of Military Appeals returning the record of trial to this Court provided no specific direction as to how the issue should be resolved, merely indicating "for action not inconsistent with our recent decisions in *United States v. Hughes*, [1 M.J. 346] (1976) and *United States v. Smith*, [1 M.J. 260] (1976)." Since the issue of multiplicity was not raised when the case was previously before this Court, we regard the order of the Court of Military Appeals as a direction for this Court to consider the issue in the first instance.

Upon remand, appellant now contends that all specifications, 1 through 6, are multiplicious and constitute but one offense for sentencing purposes, thereby making the maximum punishment to include only two years' confinement at hard labor. Appellant contends that his guilty pleas were, therefore, improvident, citing *United States v. Harden, supra*, and *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974). We do not concur in these contentions.

■ As noted previously, the transaction with Seaman Apprentice Coleman was separate and distinct from the transaction with Mr. Baker. Not only were different purchasers and different amounts involved, but the transactions were separated in time. It is not clear exactly how much time elapsed between the two transactions, although trial defense counsel in his argument on the quantum of punishment indicated they occurred "within a matter of 10 or 15 minutes." [R. 21]. Appellate government counsel has cited our attention to *United States v. Rodriguez*, 45 C.M.R. 839 (A.C.M.R.1972), *petition denied* 45 C.M.R. 928 (1972), where sales of heroin to two individuals at the same time and place were held to be two separately punishable offenses.[3]

Using *Rodriguez* as an analogy, we consider it even clearer that there were two separate criminal acts by the appellant in this case. *See generally United States v. Clason*, 48 C.M.R. 453 (N.C.M.R.1974). For this reason, we agree that the trial judge was correct in holding that specifications 1 and 2 were multiplicious for sentencing purposes, as were specifications 3 and 4, but that the transactions described in these specifications constituted two separately punishable offenses.

The next question to be resolved is the relationship of the possession of LSD offense (specification 5) to the two sales transactions discussed above (specifications 1–2, 3–4). In our view, this possession must be considered to merge with the alleged sales for punishment purposes. In *United States v. Smith, supra*, the Court of Military Appeals indicated "the duplication of two or more offenses for the purposes of punishment is not determined only by reference to the specification of the offenses; the facts in each case—[are] controlling." The facts of the case *sub judice* are different from those found in *United States v. Harden, supra*, and *United States v. Smith, supra*. In *Harden*, charges of possession and attempted sale of heroin involved the same substance in the same amount at the same time and place. In *Smith*, the accused was convicted of possessing a quantity of Mandrax and attempting to sell a portion thereof. In the case at bar, the LSD alleged to have been possessed was in addition to that previously sold to Seaman Apprentice Coleman and Mr. Baker.

■ Despite these differences, we view the possession of LSD in this instance as closely intertwined with the sales transactions and "so integrated as to emerge as a single event subject only to a single punishment." *United States v. Smith*, 1 M.J. at 261. The search of the locker and the

---

**3.** We have noted the admonition, set forth in the footnote to *Rodriguez*, concerning the possible abuses in multiple purchases of narcotics at the instance of Government agents for the sole purpose of increasing the maximum possible sentence. We do not find that situation to exist in this case, however.

discovery of appellant's cache followed almost immediately the sale to Mr. Baker and was a direct result of this sale and the one before. We recognize that the seventy-five tablets of LSD, mentioned in specification 5, do not include the seventeen tablets, mentioned in specifications 1–2 and 3–4. Nevertheless, we consider this circumstance should not have subjected appellant to multiple punishment for sale and possession. We find support for this view in the opinion of Chief Judge Fletcher, concurring in the result in *Smith:*

> "Absent an expression of Congressional intent to the contrary, it is inappropriate to subject an individual to multiple punishment for multiple drug offenses where the drug allegedly distributed, transferred, used, or sold is part or all of the quantum allegedly possessed. To hold otherwise would subject the individual who transfers only a portion of the drug in his possession to a penalty twice as severe as that applicable to a drug dealer who succeeds in distributing his entire cache. [1 M.J. at 261].

On this basis, we do not consider it proper to subject appellant to multiple punishment merely because specification 5 did not allege a possession of ninety-two tablets of LSD, which would have taken into consideration the four tablets sold to Seaman Apprentice Coleman and the thirteen sold to Mr. Baker.[4]

■ Having determined that specification 5 is multiplicious for sentencing purposes with specifications 1–2 and 3–4, we are next confronted with the status of specification 6 (possession of marijuana). On the basis of *United States v. Hughes, supra,* it is clear that specifications 5 and 6 must now be considered multiplicious one with the other. The LSD and and marijuana were discovered in appellant's locker in the same search, and this multiple possession of different drugs constitutes but a single offense. *Also see generally United States v.*

*Collins,* 16 U.S.C.M.A. 167, 36 C.M.R. 323 (1966). As previously indicated, we consider this single possession offense to merge for punishment purposes with the two sales transactions.

In view of the foregoing, we find that the maximum permissible sentence included only four years' confinement at hard labor rather than the eight years indicated at trial. The final question to be resolved, therefore, is whether this discrepancy can be regarded as rendering the appellant's guilty pleas improvident. We think not.

■ A plea of guilty may be held improvident only if it is "predicated upon a *substantial* misunderstanding on the accused's part of the maximum punishment to which he is subject." *United States v. Windham,* 15 U.S.C.M.A. 523, 525, 36 C.M.R. 21, 23 (1965); *United States v. Towns, supra; United States v. Harden, supra.* Reviewing the cases involving the issue of plea providency, the Court of Military Appeals has found a plea improvident where the military judge advised the accused the maximum confinement was thirteen years where only two years were authorized. *United States v. Turner,* 18 U.S.C.M.A. 55, 39 C.M.R. 55 (1968). In addition, the Court found an improvident plea in *Harden,* where a maximum confinement of twenty years was indicated rather than the correct legal limit of only ten years. *Also see United States v. Bowers,* 1 M.J. 200 (1975). On the other side, the High Court has found no improvidency where an accused was incorrectly advised that the maximum sentence was twenty-six years vice twenty-two years. *United States v. Kilgore,* 22 U.S.C.M.A. 67, 46 C.M.R. 67 (1973). Similarly, our Army brothers found no plea improvidency where the disparity in the authorized confinement was six years and one month as opposed to eleven years and one month. *United States v. Tarplin,* 44 C.M.R. 387 (A.C.M.R.1971). Finally, this Court has spoken to this issue in a case similar to the one at bar and held a plea not

---

4. *But see United States v. Culberson,* A.C.M. 22004, —— M.J. —— (A.F.C.M.R. 20 May 1976), where a panel of the Air Force Court of Military Review in a well-reasoned opinion reached a different conclusion concerning a similar set of circumstances.

to have been improvident where the accused was misadvised the maximum sentence could include two years' confinement rather than the correct one year. *United States v. Jolliff*, No. 72 0658 (N.C.M.R. 20 June 1973).

 The Court of Military Appeals has also noted that even a substantial difference may not be material to an accused. In *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964), the Court found no issue of plea providency where the accused had indicated his intention to "stand by his negotiated plea" whether the maximum confinement was determined to be five years or ten years. In the instant case, the appellant was not heard on the subject of his pretrial agreement as the accused in *Kleinhans* had been. Nevertheless, we take notice of the fact that the pretrial agreement in this case limited the maximum confinement to seven months, only slightly more than the jurisdictional limit of a special court-martial. The appellant, therefore, had taken measures to insulate himself against a severe sentence. Even though the maximum confinement authorized should only have been four years, this still would have presented a formidable sentence and should not have diminished the attractiveness of the pretrial agreement to the appellant. Under the circumstances of this case, we find no fair risk that any misapprehension as to the maximum sentence misled the appellant into originating the pretrial agreement. For this reason, we also find the appellant's plea of guilty to have been provident.

In view of the foregoing, we have reassessed the appropriateness of the approved sentence in this case. *United States v. Smith, supra,* and *United States v. Hughes, supra.* Upon reassessment, in light of the serious nature of the offenses of which the appellant stands convicted, we find the previously approved sentence still to be appropriate.

Accordingly, the findings of guilty and the sentence as approved on review below, are affirmed.

Senior Judge EVANS and Judge MALLERY concur.

**UNITED STATES**

v.