UNITED STATES

v.

Larry W. ADAMS, 266 19 9928, Private First Class (E-2), U. S. Marine Corps.

NCM 76 0940.

U. S. Navy Court of Military Review.

Sentence Adjudged 16 Dec. 1975.

Decided 16 July 1976.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, FULTON and GLADIS, JJ.

NEWTON, Senior Judge:

Appellant is convicted by general court-martial military judge, pursuant to plea, of wrongful possession, and introduction for sale of 165 grams of marijuana; and wrongful sale, and transfer of 58 grams of marijuana, on 16 September 1975 in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The transaction is alleged as four separate offenses all occurring on base. At trial it was determined that the two specifications involving 165 grams of marijuana were multiplicious for sentencing purposes. A similar determination was made as to the two offenses involving 58 grams of marijuana. The maximum authorized punishment was determined to include ten years confinement at hard labor. Appellant was so advised at trial.

Prior to trial, appellant had entered a pretrial agreement with the convening authority which restricted the maximum sentence to a bad conduct discharge, confinement for one year, total forfeitures and reduction to the lowest pay grade.

The trial judge sentenced appellant to a bad conduct discharge, ten months confinement, total forfeitures and reduction to pay grade E-1. The convening authority approved that sentence without modification.

Appellant assigns two errors before this Court. The first is that he was substantial-

ly prejudiced because he was charged under Article 134, UCMJ, vice Article 92. The second is that his plea was improvident because it was based on a supposed maximum punishment of ten years confinement when such punishment in reality was only five years confinement because all offenses are multiplicious for sentencing purposes.

■ The recent decision of the United States Court of Military Appeals in the case of *United States v. Smith,* 1 M.J. 260 (1976), partially disposes of the issues in this case. We find that the four offenses of which appellant was convicted are multiplicious for sentencing purposes. The record makes it clear that appellant sold a portion of his stash of marijuana. He was charged with selling that portion and with possession and introduction of the remainder. There was but one offense at the time and place alleged.

■ Even more recently it has been held that the maximum punishment for an offense of this nature, alleged as a violation of Article 134, UCMJ, includes only two years confinement rather than five years confinement. *United States v. Courtney,* C.M.A., 1 M.J. 438 (1976).

Appellant was erroneously advised he could be sentenced to ten years confinement. He could only be sentenced to two years confinement. He entered a pretrial agreement providing for one year of confinement. He was sentenced to ten months confinement. The real issue here is whether appellant's plea of guilty was provident in view of his misunderstanding as to the maximum period of confinement which he might receive.

The rule to be utilized in determining plea providency is succinctly set out in *United States v. Harden,* 1 M.J. 258, 24 U.S.C.M.A. 76, 51 C.M.R. 249 (1976), as follows:

"A plea of guilty may be improvident because it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject."

*Harden, supra,* recognized the rule to be elastic, and notes that it can produce different results in seemingly similar cases. *Harden* also holds that the difference between confinement for 20 years and confinement for 10 years is substantial. We construe the *Harden* rule to require a weighing and balancing of all the factors in the case, including the impact of a misunderstanding as to maximum sentence, when ascertaining the providency of a plea. Application of a concrete mathematical rule to each case does not appear to have been intended. *See United States v. Anderson,* No. 76 0283 (N.C.M.R. 25 June 1976).

We must note that the pretrial agreement provided for only one year of confinement. The actual sentence awarded was ten months confinement. The gravamen of the offense was selling marijuana on a military base—an offense recognizable as serious, even by the accused. We do not believe the accused would have refused a negotiated plea for one year of confinement had he known the maximum punishment was only two years. Nor, do we believe the convening authority would have been inclined to approve a negotiated agreement for much less than one year of confinement. We are unable to find a risk that the misunderstanding as to the maximum confinement misled or induced the appellant into entering the pretrial agreement or his guilty pleas. Particularly in view of the explicit and complete explanation to the appellant at trial that he should plead guilty only if that was really the case. (R. 16, 27, 28).

Additionally, our evaluation of the offenses and the punishment awarded by the trial judge results in the conclusion that appellant's sentence would not have been less had the judge been aware of the lesser maximum period of confinement authorized to be imposed on the appellant. We find no unfair or prejudicial effect accruing to the appellant from the errors which occurred at his trial. Article 59, UCMJ. *See United*

*States v. Hughes*, 24 U.S.C.M.A. 169, 41 C.M.R. 388 (1976).

Accordingly, the findings and sentence as approved prior hereto, are affirmed.

Judge FULTON concurs.

GLADIS, Judge (Dissenting):

I dissent. Appellant was advised that the maximum allowable punishment included confinement at hard labor for ten years and pleaded guilty in exchange for a pretrial agreement which restricted the maximum confinement to one year. In light of *United States v. Smith, supra*, and *United States v. Courtney, supra*, this Court has determined that the maximum legal confinement authorized was two years rather than the ten years the military judge and the accused believed to be imposable. The majority find that appellant's pleas of guilty were provident, his misunderstanding as to the maximum period of confinement authorized notwithstanding.

My brothers recognize that in a case involving multiplicious offenses a plea of guilty may be held improvident if it is predicated on a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject. *United States v. Harden, supra*. In a particular case even a substantial difference between the maximum legal confinement authorized and the accused's understanding of the allowable maximum may not be material to an accused and subsequently will not render his guilty pleas improvident. *See United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1974); *United States v. Smith, supra*. Examples of cases in which the Court of Military Appeals held pleas to be improvident in which the accused misunderstood the maximum confinement authorized include [1] *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974), (one year confinement legal vice five years believed authorized by the accused; *United States v. Harden, supra* (ten years vice twenty); *United States v. Bowers*, 1 M.J. 200 (1976)

(fifteen years vice thirty). In *United States v. Kilgore*, 22 U.S.C.M.A. 67, 46 C.M.R. 67 (1972), the Court held the difference between twenty-two years and twenty-six and one-half years to be too slight to justify reassessment and found the accused's guilty pleas provident noting that it was not likely that punishment for the multiplicious offenses played any appreciable part in his decision to offer to plead guilty. Cases in which there were misunderstandings as to the maximum sentence allowable and this Court found pleas of guilty to be provident include *United States v. Anderson, supra* (two years vice four years); *United States v. Tenney, supra* (four years vice eight years); *United States v. Wilder*, No. 76 0484 (N.C.M.R. 13 July 1976) (four years vice eight years).

The distinguishing factors in the cases in which the guilty pleas have been found to be provident are that either the misunderstanding as to the maximum penalty was not substantial, *e. g., United States v. Kilgore, supra*, or the accused's pleas were not predicated on the misunderstanding, *e. g. United States v. Kleinhans, United States v. Smith, United States v. Tenney, United States v. Anderson*, all *supra*. In *Kleinhans* defense counsel stated at trial that regardless of the ultimate decision as to the true, legal maximum the accused would stand by his negotiated plea. In *Smith* the accused stated at trial that the difference in the term of confinement would not change his plea. In *Tenney* the court reasoned that even though the maximum confinement authorized was four years vice eight, this still would have presented a formidable sentence and should not have diminished the attractiveness of the pretrial agreement limiting confinement to seven months. In *Anderson* the court found no fair risk that any misunderstanding as to the maximum confinement (two years vice four) misled the accused into originating a pretrial agreement limiting maximum confinement to six months and requiring probational

1. Judge Gregory provides an excellent analysis of the cases in *United States v. Anderson, su-*

*pra*, and *United States v. Tenney*, No. 75 2969, 1 M.J. 965 (N.C.M.R. 1976).

suspension of the bad conduct discharge. The *Anderson* and *Tenney* cases involve sale or transfer of LSD. In these cases the prospects of extremely beneficial pretrial agreements were major factors leading to guilty pleas and rendering the misunderstandings concerning maximum confinement irrelevant.

In the case *sub judice*, applying the elastic standard of *Harden*, I conclude that the misunderstanding of appellant as to maximum legal confinement which could be imposed was substantial. My brothers are unable to find a risk that the misunderstanding misled or induced appellant into entering the pretrial agreement or pleading guilty. They do not believe that appellant would have negotiated an agreement limiting confinement to much less than one year had he known the maximum was only two years rather than ten. I am unwilling to indulge in such speculation. The military judge imposed a sentence which included confinement at hard labor for only ten months. Weighing the extent of the misunderstanding (eight years), the true maximum confinement (two years), and the terms of the pretrial agreement limiting confinement to one year and authorizing a bad conduct discharge I conclude that there is a fair risk that appellant's entry into the pretrial agreement and guilty pleas were predicated on his substantial misunderstanding of the maximum confinement authorized. Therefore, I would set aside the findings of guilty and sentence, authorizing a rehearing.