UNITED STATES, Appellee,

v.

Daniel J. TRAEDER, Specialist U.S. Army, Appellant.

No. 65,045.
CM 8801607.

U.S. Court of Military Appeals.

Argued March 12, 1991.

Decided July 11, 1991.

For Appellant: *Captain Robin N. Swope* (argued); *Colonel Robert B. Kirby, Lieu-*

*tenant Colonel Russell S. Estey, Captain Alan M. Boyd* (on brief).

For Appellee: *Captain Joel J. Berner* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Maria C. Fernandez* (on brief); *Major Martin D. Carpenter.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

In July of 1988 appellant was tried by a general court-martial composed of a military judge sitting alone at Camp Casey, Republic of Korea. Contrary to his pleas, he was found guilty of committing indecent acts and forcible sodomy, in violation of Articles 134 and 125, Uniform Code of Military Justice, 10 USC §§ 934 and 925, respectively. Consistent with his pleas by exceptions and substitutions, he was also found guilty of two specifications of assault consummated by a battery, in violation of Article 128, UCMJ, 10 USC § 928. He was sentenced to a·bad-conduct discharge, confinement for 18 months, and reduction to pay grade E–1. The convening authority approved this sentence on September 20, 1988. The Court of Military Review affirmed these results in a short-form opinion on September 18, 1989.

Appellant petitioned this Court for review on July 2, 1990. We granted review on October 2, 1990, on the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN FAILING TO GRANT A DEFENSE MOTION TO FIND CHARGES I (INDECENT ACTS) AND II (FORCIBLE SODOMY) MULTIPLICIOUS FOR SENTENCING.

We hold that no error was committed in the military judge's sentencing of appellant and affirm. *See generally United States v. Cox,* 18 MJ 72 (CMA 1984).

The facts giving rise to the granted issue are not in dispute. Appellant brought the alleged victim, a Korean "comfort girl," [1]

---

1. The victim described herself as a "comfort girl." She said this means: "Sometimes I work

to his apartment off post. Two fellow soldiers, Sergeant Kiggins and Specialist Witcher, went along with them. A dispute occurred, causing appellant to become angry and strike the victim. Appellant then held the victim while Witcher assaulted her and Kiggins tied her up.

The three soldiers then put the victim on her stomach. While Kiggins held her ankles, appellant pushed her head to the ground and held his hand over her mouth. Witcher then rubbed his penis against her buttocks and masturbated upon her. Witcher then changed places with Kiggins, and appellant continued to hold her head down. Kiggins then committed anal sodomy on the victim. Appellant was found guilty of aiding and abetting Witcher's indecent acts and Kiggins' sodomy of the Korean girl. Art. 77, UCMJ, 10 USC § 877.

The particular specifications of which appellant stands guilty as an aider and abettor state:

CHARGE I: Violation of the UCMJ, Article 80

SPECIFICATION: In that [appellant] did, at an apartment in Yongtae-ri, Republic of Korea, a city located outside the territorial limits of the United States, on or about 25 May 1988, wrongfully commit indecent acts with CHO, Sun Cha, by placing his penis against the anus of the said CHO, Sun Cha and ejaculating on her anal area.

Charge II: Violation of the UCMJ, Article 125

Specification: In that [appellant] did, at an apartment in Yongtae-ri, Republic of Korea, a city located outside the territorial limits of the United States, on or about 25 May 1988 commit forcible sodomy with CHO, Sun Cha, by force and without the consent of the said CHO, Sun Cha.

Prior to findings, appellant moved that these offenses be considered multiplicious for sentencing. The military judge had earlier recognized a potential for multiplicity for sentencing purposes. Nonetheless, he deferred ruling on appellant's motion until "the conclusion of any evidence, should it become necessary." The issue, however, was never raised again, and no formal ruling was ever made by the military judge on this question at trial.

---------

The parties to this appeal have presumed that the military judge did not treat the above findings of guilty as multiplicious for sentencing. *See generally United States v. Baker*, 14 MJ 361, 370 (CMA 1983). We note, however, that appellant was eventually found guilty of both offenses which were the subject of his deferred multiplicity-for-sentence motion. Thus, in accordance with the judge's own words, action on the motion was necessary. *See United States v. Mullens*, 29 MJ 398, 399 (CMA 1990); *United States v. DeYoung*, 29 MJ 78 (CMA 1989). In addition, the maximum authorized punishment for the forcible-sodomy offense, for which appellant was subsequently found guilty, was 20 years' confinement. *See* para. 51e(1), Part IV, Manual for Courts–Martial, United States, 1984. Yet, the sentence which appellant actually received for all four of his offenses included confinement for only 18 months. In view of these circumstances, a presumption of separate sentencing or an assertion of prejudicial error is difficult to accept. *See generally United States v. Montgomery*, 20 USCMA 35, 39, 42 CMR 227, 231 (1970).[2]

In any event, we are not persuaded that the so-called "single impulse" theory of

---

like waitress, takes orders from customers, and sometimes I sleep with a customer, too." She met appellant and his cronies at the Chin Ju Club on the date of the alleged crimes.

**2.** Defense counsel did not pursue his multiplicity motion at the close of the evidence or ever refer to multiplicity of these offenses in his

closing argument. Such defense inaction is at the very least some indication of a lack of prejudice inuring to appellant as a result of any possible error. *See United States v. Munoz*, 32 MJ 359 (CMA 1991); *see also United States v. Sherman*, 32 MJ 449 (CMA 1991); *United States v. Jones*, 23 MJ 301 (CMA 1987).

punishment mandates that appellant's convictions for committing indecent acts and forcible sodomy be considered multiplicious for sentencing. *See generally United States v. Baker, supra* at 370. Paragraph 76a (5)(b), Manual for Courts–Martial, United States, 1969 (Revised edition), the authority cited in *Baker* for this sentencing theory, is no longer in effect. *See* Drafters' Analysis of RCM 1003(c)(1)(C), 1984 Manual, *supra* at A21–64.1 (Change 3). Moreover, in the case before us, appellant aided and abetted two different criminal acts by two different criminal actors. *Cf. United States v. Guerrero*, 28 MJ 223, 227 (CMA 1989). Neither the criminal statutes violated nor our case law dictate that these offenses be treated as one for purposes of sentencing. *United States v. Cox*, 18 MJ at 74.[3] Accordingly, assuming the military judge did not treat these offenses as multiplicious for sentencing, we would find no abuse of discretion in that decision.

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Senior Judge (concurring in part and dissenting in part):

I concur in the majority opinion except that portion implying that the single-impulse theory of sentence multiplicity "is no longer in effect." 32 MJ at 457. Under the facts of this case, that theory is not relevant, *see* 32 MJ at 457 *n.3*, so this is not an appropriate occasion to consider its burial.

If, however, this theory were relevant to this appeal, I would have substantial reluctance to renounce it. The majority indicates that "[p]aragraph 76a (5)(b), Manual for Courts–Martial, United States, 1969 (Revised edition), the authority cited in [*United States v.*] *Baker* [, 14 MJ 361 (CMA 1983),] for this sentencing theory, is no longer in effect." 32 MJ at 457. The implication, of course, is that, since the fundamental authority supporting this theory is gone, so is the theory.

What the majority has overlooked is that paragraph 76a (5)(b) is *not* the *fundamental* authority for this theory. Instead, the *Analysis of Contents, Manual for Courts–Martial, United States, 1969, Revised Edition* at 13–9, reveals that the paragraph addressing the single-impulse theory—and other theories, as well—"is a new addition which shows that there are other rules which must be considered besides the general rule before it is finally determined whether or not offenses are separate. These rules were announced respectively in" four specific cases.

Relevant for our purposes is the citation at that point in the *Analysis of Contents* to *United States v. Kleinhans*, 14 USCMA 496, 34 CMR 276 (1964). The Court there unanimously held that, where an accused unlawfully opened mail matter for the purpose of stealing money therefrom and then,

---

**3.** The single impulse theory was articulated in paragraph 76a (6), Manual for Courts–Martial, United States, 1969 (Revised edition). It states, as an example of when two "offenses may not be separate" even though they include different elements:

    \*     \*     \*     \*     \*     \*

  (b) *When two offenses are committed as the result of a single impulse or intent.*
    *Example:* An accused is convicted of unlawfully opening mail matter (Art. 134) and larceny (Art. 121) therefrom. If he opened the mail bag for the purpose of stealing money contained in a letter in the bag, the offenses would not be separate.
The following are examples of rules which establish that offenses are separate whether or not each offense requires proof of an element not required to prove the other.

(Examples omitted.) The Manual's drafters stated that this rule was derived from earlier cases from this Court:
    The second paragraph contained in subparagraph (5) [numbered (6) in Change 5 (April 1982) ] is a new addition which shows that there are other rules which must be considered besides the general rule before it is finally determined whether or not offenses are separate. These rules were announced respectively in *United States v. Redenius*, 4 USCMA 161, 15 CMR 161 (1954); *United States v. Kleinhans*, 14 USCMA 496, 34 CMR 276 (1964); *United States v. Beene*, 4 USCMA 177, 15 CMR 177 (1954); and *United States v. Soukup*, 2 USCMA 141, 7 CMR 17 (1953).
*Analysis of Contents, Manual for Courts–Martial, United States, 1969, Revised Edition* at 13–9 (1970).

in fact, did steal the money, the two crimes arose from the single larcenous impulse and, therefore, were multiplicious for sentencing purposes. This decision, in turn, reflects the Court's application of its earlier decision in *United States v. Dicario*, 8 USCMA 353, 24 CMR 163 (1957), the basis of which was the Court's interpretation of statutory language and congressional intent. There are many earlier cases in this same line of precedents.

Accordingly, it is clear that paragraph 76*a* (5)(b) was not the basic authority for the single-impulse sentencing theory but, rather, merely reflected earlier decisions of this Court that rested on principles of statutory interpretation. So far as I know, nothing has happened since 1957 which justifies any discomfort with this theory or its underlying rationale; so the purported disappearance of paragraph 76*a* (5)(b) * is of no consequence.

* Although language similar to paragraph 76*a* (5)(b), Manual for Courts–Martial, United States, 1969 (Revised edition), is not carried over into the Rules for Courts–Martial in Manual for Courts–Martial, United States, 1984, it *is* continued in the Discussion that follows RCM 1003(c)(1)(C). 1984 Manual, *supra* at II–148 (Change 3).