**UNITED STATES**

v.

**David E. TICEHURST, 031 38 7484, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 91 1340.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 30 Oct. 1990.

Decided 27 Nov. 1991.

**966**

LT James R. Crisfield, Jr., JAGC, USNR, Appellate Defense Counsel.

LT Dwight N. Mersereau, JAGC, USNR, Appellate Government Counsel.

Before JONES, REED and LAWRENCE, JJ.

REED, Judge:

We have examined the record of trial, the assignment of error,[1] and the Government's reply thereto, and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

The actions of appellant relevant to the only assignment of error involve two separate instances when a marijuana cigarette was smoked by appellant and then was passed by him to friends, once in a barracks room and once in an automobile. Based on this scenario appellant was charged with use and with distribution. He urges now, as he did at trial, that the use and distribution offenses be held multiplicious for sentencing purposes. We decline to do so.

The basis of the concept of multiplicity in sentencing is that an accused may not be punished twice for what is, in effect, one offense. Offenses arising out of the same act or transaction may be multiplicious for sentencing depending on the evidence. No single test or formula has been developed which will resolve the question of multiplicity.

Discussion, Rule for Courts–Martial (R.C.M.) 1003(c)(1)(C), Manual for Courts-Martial, United States, 1984.

Generally, offenses are separate if each requires proof of an element not required to prove the other. *See* R.C.M. 1003(c)(1)(C); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)[2]. Clearly, a use offense involves an element not required to establish a distribution, for a drug can be used without being sold and can be sold without being used. "Thus under the *Blockburger* rule as to separateness of offenses for punishment purposes, the use and sale offenses[3] were separate for purposes of determining the maximum sentence that could be adjudged." *United States v. Smith*, 14 M.J. 430, 432 (C.M.A.1983).

However, the Court of Military Appeals has not relied solely upon the *Blockburger* rule but has also inquired as to whether the offenses involved were products "of a single impulse" and violated the same "social standards." *See United States v. Baker*, 14 M.J. 361 (C.M.A.1983). In *United States v. Traeder*, 32 M.J. 455, 456–7 (C.M.A.1991), the Court of Military Appeals noted that it was

    not persuaded that the so-called "single impulse" theory of punishment mandates

---

1. THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S MOTIONS TO HAVE USE AND DISTRIBUTION OF MARIJUANA HELD MULTIPLICIOUS FOR SENTENCING WHERE APPELLANT'S "DISTRIBUTION" CONSISTED SOLELY OF PASSING A MARIJUANA CIGARETTE TO A PERSON SITTING NEXT TO HIM.

2. "Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

3. Prior to the passage of the Military Justice Act of 1983, Pub.L. No. 98–209, § 8, 97 Stat. 1393

(1983), drug offenses were charged under Article 92 or general Article 134, 10 U.S.C. § 892 and § 934, respectively. Under the practice that then existed, "sale" and "transfer" were considered different offenses, the former requiring some sort of benefit or profit to accrue to the seller; the latter involving a transfer with no profit accruing. Thus the defense of "agency," *see United States v. Fruscella*, 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971), could apply if an offense were incorrectly charged as "sale" vice a "transfer." Contingencies of proof often required that both a "sale" and a "transfer" offense be brought. The Military Justice Act of 1983 remedied this problem by combining both "sale" and "transfer" under the rubric of "distribution" in new Article 112a. *See* 10 U.S.C. § 912a.

that appellant's convictions ... be considered multiplicious for sentencing. *See generally United States v. Baker, supra* at 370. Paragraph 76a(5)(b), Manual for Courts–Martial, United States, 1969 (Revised edition), the authority cited in *Baker* for this sentencing theory, is no longer in effect. *See* Drafters' Analysis of RCM 1003(c)(1)(C), 1984 Manual, *supra* at A21–64.1 (Change 3). In light of *Traeder*, we believe the "single impulse" theory to be but one factor considered in resolving the question of multiplicity.

At trial the military judge stated, "With regard to the wrongful use of marijuana combined with a transfer of marijuana being under one impulse theory, it may be under one impulse theory, but there are certainly enormous societal norms that one must consider in this matter." We concur. "Use and sale involve different social standards, for the former is concerned with preventing the user from disabling himself from performing his military responsibilities, while the latter seeks to avoid the distribution to others of a substance which may injure or disable them." *Smith* at 432.

*United States v. Shealy,* 9 M.J. 842 (A.F.C.M.R.1980), notwithstanding, we hold that the offenses of use and distribution of marijuana involve different elements of proof and different social standards or societal norms. The distribution of the drug, as here, to friends in the group setting, serves to encourage present use by others who might not otherwise be inclined to use the drug by themselves individually. We therefore decline to hold these offenses multiplicious for sentencing purposes.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge JONES and Judge LAWRENCE concur.