UNITED STATES, Appellee

v

HANIE D. WINDHAM, Private First Class,
U. S. Army, Appellant

15 USCMA 523, 36 CMR 21

No. 18,606

November 5, 1965

*First Lieutenant John Kagel* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk, Lieutenant Colonel Martin S. Drucker,* and *Captain Thomas E. Towe.*

*Captain Walter L. Harvey* argued the cause for Appellee, United States. With him on the brief were *Colonel Edwin G. Schuck, Colonel Joseph J. Crimmins,* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

QUINN, Chief Judge:

Before a general court-martial in Stuttgart, Germany, the accused pleaded guilty to five specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. Only one of these specifications is in issue. It alleged, and a stipulation of facts shows, the accused stole sixty-four checks from the office of the commissary at Robinson Barracks. Each check, apparently drawn by a commissary patron, was to the order of the Treasurer of the United States. In sum, they totaled $1,292.34.

Appellate defense counsel contend that checks of the kind in issue are mere evidence of indebtedness which, at common law, had no value other than as mere pieces of paper. See 2 Wharton, Criminal Law and Procedure, § 491 (1957). They concede that the Federal Government and a number of states provide by statute that the value of a stolen written instrument calling for the payment of money is the amount appearing on the face thereof. See 18 USC §§ 641, 661; New York Penal Code § 1303. However, they maintain that Article 121 of the Uniform Code of Military Justice contains no similar provision; therefore, the common-law rule is applicable and limits the value of the checks "to the value of 64 pieces of paper, having some value less than $20.00; not $1,292.34." As a result, say counsel, the accused's plea of guilty to the specification was improvident. The argument presupposes that every check is given merely as security for an antecedent obligation. A check may be

given and accepted in discharge of an obligation; and it would thereafter be the sole measure of the drawer's liability. For the purpose of this appeal, however, we put aside consideration of the latter possibility as affecting the intrinsic value of the checks in issue.

*Inter alia,* Article 121 prohibits the wrongful taking of "any money, personal property, or article of value of any kind." We need not explore the differences, if any, that Congress contemplated between the class of items denominated as "personal property" and those described by the term "article of value." Neither need we consider whether the term "personal property," as used in Article 121, includes intangible personal property, such as a check or other evidence of indebtedness, so as to effect a change in the common-law rule. See Jolly v United States, 170 US 402, 42 L ed 1085, 18 S Ct 624 (1898); cf. United States v Autrey, 12 USCMA 252, 254, 30 CMR 252. Even if the checks are mere ▮▮▮▮▮▮▮ ▮ pieces of paper, as contended by the accused, they are articles of value. They may have turned out to be worthless to the accused because of his inability to convert them into cash, but Article 121 is not concerned with the pecuniary benefits realized by the thief. It is concerned with the general or market value of the article to the owner. The accused concedes that, to the owner, the checks in issue had at least some value. They were, therefore, articles protected by Article 121. Since the accused does not deny he wrongfully took them with the required intent, all the elements of the offense prohibited by the Article were present. As to the offense itself, therefore, the accused's plea of guilty was not improvident.

Turning to the accused's understanding of the legal punishment for the offense, a plea of guilty ▮▮▮▮▮▮▮ ▮ may be improvident if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject. United States v Zemartis, 10 USCMA 353, 27 CMR 427;

United States v Hamill, 8 USCMA 464, 466, 24 CMR 274. Article 121 itself does not distinguish between articles of different value; all articles within the enumerated classes are treated alike. However, in accordance with the power to prescribe maximum limits of punishment, conferred by Article 56 of the Uniform Code, supra, 10 USC § 856, the President has, in the main, keyed the maximum penalty to the value of the property taken by the accused. As we indicated earlier, value, ▮▮▮▮▮▮▮ ▮ for punishment purposes, is not the pecuniary advantage to the thief, but the value of the property as "determined by its legitimate market value at the time and place of the theft." Manual for Courts-Martial, United States, 1951, paragraph 200*a*(7), page 361. To establish that value, various factors may be considered. In the absence of contrary evidence, everyday experience in modern society suggests that the value of a check placed in circulation is its face value. See United States v Epperson, 10 USCMA 582, 28 CMR 148. The inference is itself sufficient to justify the allegation that the value of the stolen checks was $1,292.34. If more is needed, the President has provided it.

Article 36 of the Uniform Code, supra, 10 USC § 836, empowers the President to promulgate appropriate rules of evidence and modes of proof. See United States v Gladwin, 14 USCMA 428, 34 CMR 208. The President has delineated various means of establishing value in regard to particular articles. Dealing specifically with the kind of property involved here, paragraph 200*a*(7), page 362, of the Manual for Courts-Martial, supra, provides that, "[w]ritings representing value may be considered to have the value which they represented . . . at the time of the theft." This provision is similar to the Federal and state statutes dealing with means to determine the value of commercial instruments. Thus, the Manual provision is consistent with the common experience and expectation in the civilian and military communities. We conclude that the specification properly alleged the value of the checks, and there

**525**

was, therefore, no improvidence in the accused's plea as to this aspect of the charge.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.