UNITED STATES, Appellee,

v.

**Specialist Four (E–4) William P. BROWN, SSN 213–62–7028, United States Army, Appellant.**

CM 435952.

U. S. Army Court of Military Review.

30 June 1977.

Appellant and Appellee were not represented by appellate counsel before the Court.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT

FULTON, Judge:

When German civilian policemen stopped the appellant because his conduct aroused their suspicions, they discovered marihuana in a pocket of his clothing. A search of his nearby automobile revealed more. Still more marihuana was found in his off-post apartment. Charged with three specifications of wrongfully possessing marihuana, the appellant pleaded guilty and was convicted and sentenced by a general court-martial consisting of a military judge. Both the staff judge advocate (in his pretrial advice to the convening authority) and the trial judge considered the three specifications as but one offense for sentencing purposes. Because the offenses were alleged as violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, the maximum punishment was thought to include confinement at hard labor for five years.

The issues on appeal are whether the maximum imposable confinement was two years, rather than five, and, if so, whether the guilty plea was improvident.

■ We hold that the maximum authorized confinement was for a term of only two years, but that the plea of guilty was nevertheless provident. The Court has reached this decision without the benefit of appearance by counsel. At the conclusion of the trial, the appellant waived his right to be represented by appellate counsel. We nevertheless requested that counsel be designated, in the light of *United States v. Palenius*, 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (1977). The appellant is adamant. He does not wish to be represented by counsel. He seems to desire only that the proceedings become final so that he may leave the Army and return to his mother's home in France, a privilege denied to him while he remains on excess leave pending appellate review. His waiver obviously is voluntary. Despite other similarities to *Palenius*, there is no evidence of misadvice to cast a cloud over the intelligence of his choice. Therefore, we have granted counsel's motion to withdraw.

■ That the maximum confinement imposable was a term of two years, rather than five, is dictated by *United States v. Courtney*, 1 M.J. 438 (1976). When the charges were preferred, investigated, and eventually referred to trial on 6 January 1977, the convening authority had that "unbridled discretion" condemned in *Courtney* to charge the appellant either with violating Article 134 or Article 92 of the Code. *Id.* 1 M.J. at 440. Choosing the article that afforded the greater maximum punishment denied the appellant equal protection of the laws as that concept is embodied in the fifth amendment. *Id.; United States v. Jackson*, 3 M.J. 101 (C.M.A. 1977).* The

---

* A week after the charges were referred to trial (and more than a month before the trial began), Army regulations were changed so as to require uniformly that marihuana offenses be prosecuted as violations of Article 134 and not as violations of Article 92. Department of the Army Message (DAPE–HRL), subject: "Inter-

im Change to AR 600–50," dated 150048Z January 1977. This change assured that Army offenders would receive equal treatment among themselves, but not necessarily as compared to offenders in other armed forces. For example, after *Courtney*, Naval convening authorities were advised that drug violations could still be

remedy is to limit the maximum punishment to that authorized for violations of Article 92, which entails confinement for only two years. *United States v. Courtney, supra.*

■ Accordingly, a question arises as to the providency of the guilty plea. "A plea of guilty may by improvident if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." *United States v. Windham,* 15 U.S.C.M.A. 523, 525, 36 C.M.R. 21, 23 (1965).

■ The appellant's plea of guilty was not the product of any substantial misunderstanding. First, it is not clear that the sentence differential was substantial, for the test to be applied is an elastic one not governed by mathematical comparisons. *United States v. Harden,* 1 M.J. 258, 260 (1976). Additionally, any misunderstanding related only to one facet of the possible punishment. More importantly, even if the sentence differential be regarded as substantial, it was not material to the appellant. His guilty plea agreement was negotiated with the knowledge that *Courtney* might limit the maximum confinement to two years, for the defense so moved at the trial. *Cf. United States v. Gash,* 54 C.M.R. 463, 469–70, 2 M.J. 707, 711–12 (A.F.C.M.R. 1976). The negotiations led to limiting any discharge to a bad-conduct discharge and the term of confinement to one year. There is no reason to believe that, had the appellant's motion to limit the punishment to two years prevailed, the appellant would have withdrawn the plea or sought to renegotiate the agreement.

Having in mind the incorrect maximum confinement (five years), the trial judge sentenced the appellant to four months'

charged under Article 134, but that the maximum punishment would not in any case exceed that imposable under Article 92. Naval Speedletter (JAG:203:RGK:dm, Ser: 203/38076), subject: "United States v. Courtney, *No. 30,864 (U. S.C.M.A. 2 July 1976)," dated 7 July 1976. The Court of Military Appeals has indicated that uniformity in one service is not enough.* United ed States v. Jackson, *3 M.J. 101, 102 n.2 (C.M.A.*

confinement, reduction, partial forfeitures ($200.00 per month for ten months), and a bad-conduct discharge. Obliged to reassess the sentence, we nonetheless find it correct in law and fact, appropriate, and do not believe that it would have been less even if the maximum confinement were recognized to have been two years.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES concurs.

Judge FELDER absent.

*1977). We do not reach that possible alternate basis of decision, for we regard this case as controlled by the law more favorable to the appellant when the charges were referred to trial instead of the less favorable result obtained by applying the law in effect on the date of trial. Otherwise, the change to Army regulations would have an ex post facto effect.*