UNITED STATES, Appellee,

v.

Specialist Four Luis A. CASTRILLON-MORENO, SSN 119–52–5887, United States Army, Appellant.

CM 435777.

U. S. Army Court of Military Review.

15 July 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Demmon F. Canner, JAGC, and Captain William B. Ramsey, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, and Major Michael B. Kennett, JAGC, were on the pleadings for appellee.

Before CLAUSEN, CLAUSE and COSTELLO, Appellate Military Judges.

## OPINION OF THE COURT

COSTELLO, Judge:

Appellant was convicted of attempted sale and possession of heroin in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 934, respectively. He pleaded guilty at a bench trial on 4 February 1977 and was sentenced to a dishonorable discharge, confinement at hard labor for one year and other penalties.

The principal issue before us is whether appellant's plea of guilty was improvident because of a misapprehension concerning the maximum sentence he faced. Although the maximum penalty for simultaneous sale and possession of heroin was stated as 20 years in the pretrial advice of the staff judge advocate, the military judge and all counsel agreed at trial that the offenses were multiplicious, warranting maximum confinement of only 10 years. *United States v. Smith*, 1 M.J. 260 (1976); *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974).

Such misapprehension as might have affected this appellant would, therefore, have flowed only from application of the rule in *United States v. Courtney*, 1 M.J. 438 (1976). Pursuant thereto, the maximum confinement portion of the penalty for a heroin offense, after 2 July 1976, in the Army was two years. *United States v.*

*Jackson*, 3 M.J. 101 (C.M.A. 1977).[1] That rule applies to this case and operates to change the maximum sentence this appellant "faced" at trial. We hold further that the rule of *Courtney* applies to the maximum punishment to be identified for the attempted sale charge under Article 80 within the meaning of footnote 3 to the Table of Maximum Punishments, paragraph 127*c*, Manual for Courts-Martial, United States, 1969 (Revised edition).[2] This charge was determined at trial to be multiplicious for sentencing purposes with the possession charge, and that determination binds us.

Thus, after all the history is rewritten, our view must be that this appellant really faced only two years of confinement at the time he offered the trial judge his plea of guilty. Had he known that, would he have done the same with respect to his plea? Put another way, was the degree of his misunderstanding such that we must reject the plea just because of that "misapprehension"? This reformulation of the question highlights the basic issue before us: Does a substantial, inadvertent misapprehension at trial about the term of confinement in the total possible sentence he faced when tendering a plea alone entitle the accused to plead again?

· This question exists because of recent emphasis on the word "substantial" and efforts to fix its content at some stated relationship between the newly identified maximum and the one used at trial. *See generally, United States v. Harden*, 1 M.J. 258 (1976); *United States v. Bowers*, 1 M.J. 200 (1975); *United States v. Towns*, 22 U.S.C. M.A. 600, 48 C.M.R. 224 (1974). The conse-

quence of fixing upon such a relationship is that arrival at an arithmetic sum, neutral in itself, decides a criminal appeal. See, for another example, the majority opinion in *United States v. Shrum*, 2 M.J. 996 (A.C. M.R. 28 September 1976). We find the law to be otherwise.

Even the majority in *Shrum* would acknowledge that the misunderstanding must be "substantial." As the dissenting opinion of Judge DeFord in that case shows, the dispute was over a view of that word as elastic or inelastic.[3] We agree that the error usually must be a substantial one, but believe that to be a subordinate area of inquiry. The size of the error is a consideration only if any error matters at all. The focus first should be on the bridge between the identification of such error and the conclusion that relief is warranted. A short review of the development of the military rule of providence will show where that bridge lies.

The military rule stated in *Harden* came down through a line of cases which began in a concurring opinion by then Chief Judge Quinn, which Judge Ferguson joined.[4] Concurring in the result which granted relief to an accused who suffered from an honest misunderstanding concerning the extent of his "deal," they said:

"A plea of guilty may be set aside if the plea is based upon a misunderstanding by the accused as to the sentence, and his misunderstanding is brought about by the promise or the remarks of a proper authority. *United States v. Paglia*, 190

1. We are speaking here only of those situations in which there was a possibility of unfettered prosecutorial discretion in the choice of charges between a two-year offense and an identical one warranting 5 or 10 years of confinement.

2. Footnote 3 provides that the maximum punishment for an attempt, generally, is equal to that for the completed offense.

3. An elastic view is taken in *United States v. De La Fuente*, 2 M.J. 668 (A.F.C.M.R. 16 September 1976). The Air Force Court also expressed approval of the Federal practice expressed in *Brady v. United States*, 397 U.S. 742,

90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). We share their admiration for the *Brady* approach, but do not feel free to adopt it. In our practice a threatened 100 year sentence is *alone* an unacceptable motive for a guilty plea.

4. The beginning was in *Hamill*, cited in the text. Other cases included *United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965) and *United States v. Zemartis*, 10 U.S.C. M.A. 353, 27 C.M.R. 427 (1959). See also the cases collected in the footnotes in *Shrum, supra*.

F.2d 445 (CA 2d Cir) (1951); *United States v. Lias*, 173 F.2d 685 (CA 4th Cir) (1949). . . ."

*United States v. Hamill*, 8 U.S.C.M.A. 464, 24 C.M.R. 274 (1957).

It would appear from an uncritical reading of that language that the existence of an error about the sentence stated by the prosecution or court would, alone, cause the plea to be set aside. That reading is not supported in the two cases cited by Chief Judge Quinn. Both involved broken promises by prosecutors whose promises to recommend a light sentence were found to have *induced* the plea.

In its earliest expression in military practice this became a concept of materiality. Thus, in *United States v. Kleinhans*, the sentence error was 100 percent, but the trial record showed that the accused had other reasons for pleading guilty. Because the statement of the maximum did not matter to him, receipt of his plea was affirmed. *Id.*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964); *Harden, supra.* In an opinion before *Kleinhans*, Judge Ferguson showed the basis for this concept; it is in the requirement that guilty pleas be freely and voluntarily entered. An understatement of the sentencing power of a special court-martial, without more, makes it impossible for the appellate court to say that a plea was voluntary. *United States v. Zemartis*, 10 U.S.C.M.A. 353, 27 C.M.R. 427 (1959). That is really just another way of saying that the accused was or might have been induced to plead guilty by the error.

Yet another way of saying the same thing was employed in *United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965). There, Chief Judge Quinn said that a plea of guilty may be improvident ". . . if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." *Id.*, 525, 21. Both *Zemartis* and *Hamill* were cited for this proposition which has been the standard formulation of the rule ever since.

Given that no change in the law was intended by the *Windham* court, the meaning of the word "predicated" is determined by *Zemartis* and *Hamill*. Together they say that an error in the statement of the potential maximum sentence will not require rejection of a plea which is not the product of the erroneous statement. A final sidelight is provided this way: The plea is provident despite the error if the reviewing court finds an independent reason, *i. e.*, not related to sentence, for the plea. Thus, we hold that an error in the statement of a maximum sentence at trial will require a plea to be found improvident only if the record discloses that the error was the producing cause of the plea.[5]

In this case, the error was in the difference between 10 years and two, a difference which is facially "substantial" within the meaning of *Harden* and its predecessors. However, eight years or 500 percent, alone, are legally insignificant quantities. Therefore, we must inquire if the realities thus measured triggered any actions. We find that they did not.

Here the record is replete with evidence of remorse and a search for a way toward rehabilitation. Moreover, there is no evidence of any effort by appellant to obtain the principal, pragmatic benefit of his guilty plea, a limitation on his sentence. We find that the erroneously stated maximum played no significant part in appellant's decision to plead guilty. Therefore, his plea was provident. *Cf. United States v. Brown*, 3 M.J. 844 (A.C.M.R. 30 June 1977).

Although appellant's plea was provident in spite of *Courtney's* impact on the maximum possible period of confinement, the sentence here must be viewed from a *Courtney* aspect also. The trial judge assessed the sentence against a "yardstick" of 10 years, rather than two. *Courtney* determined that the similar error in that case raised a fair risk of prejudice. We have re-examined and reassessed, and determined that the sentence was appropriate

---

5. If the record is inadequate, an evidentiary hearing may be considered.

898

and would have been the same even with a shorter yardstick.

Accordingly the findings of guilty and the sentence are affirmed.

Chief Judge CLAUSEN, and Senior Judge CLAUSE, concur.