UNITED STATES

v.

**Airman Daniel C. SOWARDS, FR 488–70–0258, United States Air Force.**

ACM 22371.

U. S. Air Force Court of Military Review.

Sentence Adjudged 3 March 1978.

Decided 16 Aug. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Lieutenant Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

The accused was apprehended as he attempted to flee a dormitory room which he had unlawfully entered and from which he had taken a watch and a wallet containing $105.00. The property taken from the room was recovered immediately, along with an additional $34.00 which he admitted taking from another room. As there had been similar unsolved thefts in the same dormitory over the past month, the commander authorized a search of the accused's room.

Having the written authorization to search the accused's room in hand, the investigating officer contacted the dormitory manager, showed him the authorization, and requested his assistance in opening the accused's room. The manager pointed out the room and opened it with a key. During the course of the search, the investigating officer left the room to contact his office for guidance. He testified that while waiting for a return call from his office the following transpired:

> I had occasion to have a discussion with the CE dorm manager, again, who is Staff Sergeant Hinkle. Sergeant Hinkle brought to my attention that, ah, he had been, of course, shown the warrant when we first arrived in the barracks and discussion revolved around any cameras that may have been in the possession of Airman Sowards and Sergeant Hinkle related to me that Airman Sowards had attempted, approximately two to three weeks prior to the 16th of December, to sell to Sergeant Hinkle an old model Canon camera. I ascertained that Sergeant Hinkle had not purchased the camera and I asked him if he knew who had. He told me that he thought an individual named Dennis Turner, an Airman assigned to the CE Squadron had purchased the camera.

A check with Airman Turner revealed that he had not purchased the camera, but he furnished information that the camera was purchased by an Airman Hooper. Air-

man Hooper testified at trial that he did purchase the camera in question from the accused.

■ The accused contends that the search of his quarters was illegal and that the testimony of Airman Hooper was tainted by the illegal search, as his identity would not have been known otherwise. However, it is unnecessary for the disposition of this case to decide whether or not the search of the accused's room was illegal, for the evidence obtained from Airman Hooper was not discovered as a result of the search.

The exclusionary rule has traditionally barred from trial evidence obtained either during or as the direct result of an unlawful intrusion. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition). The test for admissibility is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, supra, at page 488, 83 S.Ct. at page 417.

In *United States v. Peurifoy*, 22 U.S.C. M.A. 549, 48 C.M.R. 34 (1973), an illegal search of the accused's automobile turned up a check book belonging to a Kenneth Rowe. On contacting Rowe, it was discovered that his apartment had been burglarized some 2 months earlier and both he and his roommate had other items taken at the same time the check book was taken. The Court of Military Appeals held that not only the check book but the testimony of both Rowe and his roommate were tainted products of the unlawful search.

In *United States v. Moore*, 19 U.S.C.M.A. 586, 42 C.M.R. 188 (1970), the illegal search of the accused's room produced a letter from a Sergeant Lindsay which related to trafficking in marijuana. As a result of this letter, Lindsay was interviewed, and his room searched. In the search, letters from the accused were found indicating his interest in obtaining drugs. There was nothing in the record to indicate the information identifying Lindsay was derived from another source. The Court determined that the letters found in Lindsay's room were not from an "independent source," and that the relationship between the initial search and the subsequent discovery was not so "attenuated" as to eradicate the resulting taint.

In the Court of Military Appeals' view, *Wong Sun* and the Manual stand for the proposition that where evidence has been obtained by exploitation of an unlawful search, the Government must affirmatively establish that the evidence was *in fact* discovered by a means independent of the illegality. It is not enough that it *could have been* so discovered. *United States v. Peurifoy*, supra 22 U.S.C. M.A. at 552, 48 C.M.R. at 37.

The present case is easily distinguished from those discussed above as the testimony of Airman Hooper was not obtained through the exploitation of the search, for there was nothing found during the search that related to him or the camera that he purchased. His identity became known through a totally "independent source," a dormitory manager who was motivated to remember his prior conversation with the accused by the fact that the accused's room was to be searched. The contact with Sergeant Hinkle and the follow up of the information obtained from him is sufficiently distinguishable from the search to be purged of any taint that may have been caused by the search, even assuming *arguendo* the search was illegal. Accordingly, the military judge did not err in permitting Airman Hooper to testify.

■ In an additional assignment of error, the accused asserts that the evidence is insufficient to sustain findings of guilty of larceny as to the face value of two money orders. This assignment is without merit as the evidence clearly reflects that the instruments were negotiable and fully made out as to amount, payee and sender; nor was the value of the checks affected by the accused's inability to cash them. *United States v. Frost*, 22 U.S.C.M.A. 233, 46

C.M.R. 233 (1973); *United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965); *United States v. Stewart*, 1 M.J. 750 (A.F.C.M.R. 1975).

The remaining assignments of error being without merit, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ORSER, Judges, concur.