UNITED STATES, Appellee,

v.

Luis A. CASTRILLON–MORENO,
Specialist Four, United States
Army, Appellant.

No. 34,611.

CM 435777.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain D. David Hostler, Captain William B. Ramsey* (on brief); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John R. Thornock, Captain Michael K. King.*

For Appellee: *Colonel Thomas H. Davis, Major Michael B. Kennett* (on brief); *Lieutenant Colonel R. R. Boller, Major Steven M. Werner.*

Opinion of the Court

FLETCHER, Chief Judge:

Appellant was tried by a general court-martial composed of a military judge alone. In accordance with his pleas, he was found guilty of attempted sale and possession of heroin, violations of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 1 year, total forfeitures and reduction to the grade of E–1. The findings and sentence were approved by the convening authority and the United States Army Court of Military Review.

Review was granted in this case to determine whether the appellant's guilty pleas were rendered improvident due to a substantial misunderstanding as to the maximum punishment authorized for his offenses. The military judge, with the concurrence of both trial counsel and defense

counsel, incorrectly advised the appellant that the maximum authorized punishment included 10 years' confinement at hard labor. The correct advice was 2 years. *See United States v. Castrillon-Moreno*, 3 M.J. 894 (A.C.M.R.1977). We find the pleas to be improvident and require that they be vacated.

■ In view of the nature of a guilty plea as a waiver of certain fundamental rights, it may not be accepted by a judge unless he is assured that an accused understands the likely consequences of such action. *See Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). This is a matter of fundamental due process. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). While the full extent of the required understanding has not been constitutionally delineated, it seems clear that substantially correct advice as to the maximum authorized period of confinement is essential. *See Von Moltke v. Gillies*, 332 U.S. 708, 728, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *Smith v. O'Grady*, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941). The same advice is more clearly required in courts-martial. *See* para. 70*b*, Manual for Courts-Martial, United States 1969 (Revised edition).

■ In *United States v. Brown*, 1 M.J. 465, 466 (C.M.A.1976), Judge Cook said:

Military law requires an extensive preliminary examination of an accused before acceptance of a proffered plea of guilty. Among other things, the examination must demonstrate the accused's understanding of the punishment to which he may be subject in the event of conviction on his plea. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). A substantial misunderstanding on the part of the accused as to the punishment which may be adjudged is ground to vacate the plea. *United States v. Harden*, 1 M.J. 258 (C.M.A.1976).

However, military case law further indicates that substantial misadvice will not render a guilty plea improvident where it appears on the record that the accused expressly took into account possible alternatives for sentence. *See United States v. Hedlund*, 7 M.J. 271 (C.M.A.1979); *United States v. Harden, supra* at 260. The pylons supporting the providency of the plea under these circumstances are the accused's *awareness* of the possibility of a different legal maximum sentence and his *intention* to plead guilty regardless of the ultimate decision as to the legal limits of his punishment. *See United States v. Kleinhans*, 14 U.S.C.M.A. 496, 497, 34 C.M.R. 276, 277 (1964). As stated in *United States v. Frangoules*, 1 M.J. 467, 469 (C.M.A.1976):

It reasonably appears here that the accused had considered, and taken account of, the probability that his counsel's opinion as to the legal period of confinement for the offenses to which he proposed to plead guilty and as to which he had entered into an agreement with the convening authority, might not accord with the trial judge's determination. The reasonable inference is that the accused believed, and so informed the trial judge, that his entry of the plea of guilty pursuant to his pretrial agreement, regardless of whether he was subject to confinement for 8 years or 2 years, was appropriate because he was satisfied in his "own mind that . . . [he was] guilty" and because he believed that the plea was in his "own best interest." Thus, the record demonstrates that the accused did not labor under such a misapprehension as to the confinement that could be legally imposed as to render his plea improvident.

In the appellant's case the advice as to the maximum authorized period of confinement was substantially incorrect. *See United States v. Harden, supra.* There is no demonstration in the record of trial that the appellant was intelligently indifferent to an error by the trial judge as to this aspect of the maximum authorized punishment and that he still desired to plead guilty. We will not presume any other waiver of this important due process right from a silent record. *See Boykin v. Ala-*

*bama*, 395 U.S. 238, 241–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The pleas of guilty are vacated. A rehearing may be ordered.

Judge PERRY * concurs.

COOK, Judge (dissenting):

During the providency inquiry, the appellant was advised that the two offenses in question were multiplicious for sentencing purposes and the maximum imposable confinement was 10 years. The Court of Military Review held that as the case was tried after the effective date of *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976), the maximum imposable confinement was limited to 2 years, *i. e.*, the sentence prescribed for a violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. *See United States v. Jackson*, 3 M.J. 101 (C.M.A. 1977). However, that court further held the pleas were provident because the record demonstrated "that the error was [not] the producing cause of the plea." *United States v. Castrillon-Moreno*, 3 M.J. 894, 897 (A.C.M.R.1977).[1]

Appellant submits before this Court, citing *United States v. Harden*, 1 M.J. 258 (C.M.A.1976), that the erroneous advice as to the maximum imposable punishment rendered his pleas of guilty improvident. In *Harden*, the Court observed:

A plea of guilty may be improvident because it is "predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." *United States v. Windham*,

15 U.S.C.M.A. 523, 525, 36 C.M.R. 21, 23 (1965); *United States v. Towns*, 22 U.S.C. M.A. 600, 48 C.M.R. 224 (1974).

*Id.* at 259. *Accord, United States v. Brown*, 1 M.J. 465 (C.M.A.1976). For reasons hereafter discussed, I conclude that while a misapprehension of the maximum punishment at trial may exist, only under extraordinary circumstances will there be a sufficient nexus between the pleas of guilty and erroneous advice as to the maximum imposable punishment to require rejection of the pleas of guilty. Thus, I disagree with the holding of the majority that appellant's pleas of guilty were improvidently entered.

The genesis of the law of this Court as to the effect of such erroneous advice on pleas of guilty is *United States v. Zemartis*, 10 U.S.C.M.A. 353, 27 C.M.R. 427 (1959). In that case, an accused, who was represented by a non-lawyer counsel, received a sentence which exceeded that set forth during the providency inquiry.[2] Specifically, the court adjudged a bad-conduct discharge which was not mentioned during the providency inquiry. The Court concluded that the error had been appropriately cured by the Board of Review's (now Court of Military Review) approval of a sentence which did not include a bad-conduct discharge. The findings of guilty, however, were unaffected.

In an earlier, related, case which was concerned with an accused's misapprehension of the terms of a pretrial agreement, the majority opinion set forth the following:

A plea of guilty may be set aside if the plea is based upon a misunderstanding by the accused as to the sentence, and his misunderstanding is brought about by the promise or the remarks of a proper authority.

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

1. The Court of Military Review also reassessed the sentence on the basis that the appellant was sentenced on the misapprehension of the maximum sentence, but concluded the sen-

tence, as approved by the convening authority, was appropriate. *United States v. Castrillon-Moreno*, 3 M.J. 894, 897–8 (A.C.M.R.1977).

2. The maximum imposable punishment was escalated by the admission of three previous convictions. *See* section B, para. 127*c*, Manual for Courts-Martial, United States, 1969 (Revised edition).

*United States v. Hamill*, 8 U.S.C.M.A. 464, 466, 24 C.M.R. 274, 276 (1957). That case also involved the actual imposition of punishment rather than the maximum imposable sentence permitted by law and the Court held the error could be remedied either by remission of the discharge which was the corpus of the mistake or, alternatively, a rehearing.

In *United States v. Kleinhans*, 14 U.S.C.M.A. 496, 34 C.M.R. 276 (1964), the Court affirmed the Board of Review's reduction of a sentence because the trial court had improperly treated two offenses as separately punishable. Although the accused had entered pleas of guilty, the question of whether such pleas were providently entered was not discussed; the Court did observe that the accused was aware there was a multiplicity issue involved and the maximum imposable punishment would be affected by the resolution of this issue. *Id.* at 497, 34 C.M.R. at 277.

The Court observed in *United States v. Windham*, 15 U.S.C.M.A. 523, 525, 36 C.M.R. 21, 23 (1965), that "a plea of guilty may be improvident if it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." However, as the Court concluded there was no misunderstanding, it affirmed the accused's conviction. Not until *United States v. Turner*, 18 U.S.C.M.A. 55, 60, 39 C.M.R. 55, 60 (1968), did this Court require reversal of a conviction because the accused was misadvised of the maximum imposable punishment during the providency inquiry where there was "an honest mistake inducing his judicial confession." Subsequently, in *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974), the Court, quoting from *Turner*, upheld a Court of Military Review's reversal of a conviction for the same reason.

I authored *United States v. Harden*, *supra*, in which the Court concluded an accused's plea of guilty was improvident by reason of a substantial misunderstanding of the maximum imposable punishment.[3] Later cases have emphasized, however, that an erroneous perception of the imposable punishment is not solely determinative. *United States v. Frangoules*, 1 M.J. 467 (C.M.A. 1976); *see United States v. Brown, supra.* Furthermore, pleadings and arguments which have been submitted to this Court since the release of our opinion in *Harden* convince me that it has been misinterpreted and its possible effect on the providency of guilty pleas over-emphasized. Accordingly, I deem it desirable to set forth in more specific detail my view of the regime of the providency inquiry as it relates to the maximum imposable punishment.

In *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969), the Court, after noting that its earlier recommendation in *United States v. Chancelor*, 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966), had "received less than satisfactory implementation," set forth specific requirements for the providency inquiry. Those requirements imposed a responsibility upon the trial judge or the president of the court where there was no trial judge to explain the elements of the offenses to the accused and to question the accused for the purpose of establishing on the record whether the acts or omissions constituted the charged offenses. Additionally, the Court imposed an obligation on the trial judge or president to advise an accused that a plea of guilty waived his constitutional rights "against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him." 18 U.S.C.M.A. at 541, 40 C.M.R. at 253. The Court's mandate in *Care* was predicated on *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which held the Due Process Clause of the Fourteenth Amendment required the record of trial to demonstrate that a criminal accused who entered a plea of guilty had understandably and voluntarily waived his constitutional rights by such a plea.

---

**3.** As noted in the majority opinion, I also authored *United States v. Brown*, 1 M.J. 465 (C.M.A.1976), which cited *United States v. Harden*, 1 M.J. 258 (C.M.A.1976). However, *Brown* held that the accused's pleas of guilty were not improvidently entered because the military judge failed to advise him of the collateral consequences of the sentence imposed.

Neither *United States v. Care, supra*, nor *Boykin v. Alabama, supra*, requires that an accused be advised of the maximum imposable punishment. Paragraph 70*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), does, however, require the trial judge or president of the court-martial to advise an accused of the maximum imposable punishment. Appellant cites Fed.R.Crim.P. 11(c)(1), which also requires the Court to advise an accused of the maximum imposable punishment, and submits that the courts have strictly applied the requirement of such rule and this Court should similarly interpret the Manual provision. Initially, it should be noted that the cases interpreting the effect of some omission or error in the requirements of Rule 11 are in conflict.[4] That conflict has been resolved by a unanimous Court in favor of affirmance in *United States v. Timmreck*, —— U.S. ——, 99 S.Ct. 2085, 60 S.Ct. 634 (1979), where a collateral attack upon the conviction was involved. The High Court did not address the issue of a failure to comply with Rule 11 where a "direct appeal" is involved. A direct appeal from a failure to fully comply with Rule 11 often involves a denial by the trial judge of a motion to withdraw a plea of guilty under Fed.R.Crim.P. 32(d). As is apparent from the cases appearing before this Court, the issue of the providency of a plea of guilty is often raised in the first instance before either the Court of Military Review or this Court. This difference in military procedure raises a serious question as to the applicability of an automatic reversal rule as urged by the appellant. *See* my separate opinion in *United States v. Crowley*, 7 M.J. 336, 337 (C.M.A.1979). In any event, I need not resolve the issue as Rule 11 is not applicable to courts-martial. Fed.R.Crim.P. 54(a). Furthermore, the Supreme Court has clearly held in *Timmreck* that a failure to advise an accused of a portion of the imposable sentence is not a constitutional error. Thus, the question presented is whether erroneous advice, pursuant to paragraph 70*b*, relating to the maximum imposable punishment must be applied in an inflexible manner to require rejection of an accused's pleas of guilty solely upon such erroneous advice or whether traditional concepts of voluntariness are applicable. I conclude the inflexible approach should be rejected.

Unlike federal civilian courts where an accused is sentenced for each individual offense with an option of the trial judge to determine whether the confinement should be served consecutively or concurrently, military practice imposes one sentence for all of the offenses for which an accused is convicted. Thus, unlike the inquiry in civilian courts the focus of the inquiry in the court-martial proceeding is on the total maximum imposable confinement. A misunderstanding of any punishment imposable for any of the offenses can affect the total sentence involved. Such a misapprehension can arise from numerous reasons, such as the failure of the trial court to treat a group of offenses as multiplicious for sentencing, the use of the wrong article of the Uniform Code to assess the maximum imposable punishment, as is the case under consideration, and the inclusion of some offenses as to which there is no military jurisdiction. *See United States v. Harrison*, 4 M.J. 332 (C.M.A.1978); *United States v. Alef*, 3 M.J. 414 (C.M.A.1977); *United States v. Irving*, 3 M.J. 6 (C.M.A.1977); *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976); *United States v. Courtney, supra*.

---

4. *Compare United States v. Palter*, 575 F.2d 1050 (2d Cir. 1978); *United States v. White*, 572 F.2d 1007 (4th Cir. 1978); *United States v. Alejandro*, 569 F.2d 1200 (2d Cir. 1978), *with United States v. Turner*, 572 F.2d 1284 (8th Cir. 1978); *Keel v. United States*, 572 F.2d 1135 (5th Cir. 1978); *United States v. Hamilton*, 568 F.2d 1302 (9th Cir. 1978); *United States v. Saft*, 558 F.2d 1073 (2d Cir. 1977); *United States v. Michaelson*, 552 F.2d 472 (2d Cir. 1977); *United States v. Davis*, 544 F.2d 1056 (10th Cir. 1976); *Bachner v. United States*, 517 F.2d 589 (7th Cir. 1975); *Kelsey v. United States*, 484 F.2d 1198 (3rd Cir. 1973); *United States v. Blair*, 470 F.2d 331, 340 n. 20 (5th Cir. 1972), *cert. denied*, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197 (1973); *United States v. Woodall*, 438 F.2d 1317 (5th Cir. 1970), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971); *Wade v. Wainwright*, 420 F.2d 898 (5th Cir. 1969); *Murray v. United States*, 419 F.2d 1076 (10th Cir. 1969).

Obviously, as demonstrated by the aforementioned cases, the question of the total maximum punishment is subject to many variables, including an assessment of the factual circumstances to determine if charged offenses are multiplicious for sentencing and whether military jurisdiction attaches to the alleged misconduct. Thus, the computation of the maximum imposable punishment involves an analysis in many instances which is subject to a contrary conclusion by the reviewing authorities. Furthermore, the total maximum imposable punishment can be reduced by the reversal of the finding of guilty of any offense for any reason at the appellate level.

In a related matter the United States Supreme Court has held that an accused who enters a plea of guilty "assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts." *McMann v. Richardson*, 397 U.S. 759, 774, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763 (1970). *Accord, Parker v. North Carolina*, 397 U.S. 790, 797, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); *also see Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Court in *Richardson* and *Parker* rejected the accuseds' argument that their pleas of guilty were involuntary because they had been improperly counseled as to the admissibility of their pretrial confessions. Thus, an error at trial in assessing an issue which can affect the resolution of the accused's guilt is not sufficient to render a plea of guilty improvident. In the present case we are concerned with an error which affects only the sentence. The Court in *Schofield v. United States*, 441 F.2d 1219 (7th Cir. 1971), concluded such an error was not sufficient to render a plea of guilty improvident and this would appear to be entirely consistent with *Richardson* and *Parker*. Accordingly, I likewise conclude that an accused "assumes the risk of ordinary error" in assessing the maximum imposable punishment as it relates to the voluntariness of his pleas of guilty. While *United States v. Harden, supra*, teaches that an extraordinary case may warrant a contrary result, I further conclude that extraordinary circumstances are not presented in the case at hand and the appellant's pleas of guilty were providently entered. *See United States v. Zemartis, supra*.

Left for consideration is whether the trial judge's incorrect determination of the maximum imposable confinement prejudiced the appellant as to the sentence adjudged. *United States v. Frangoules, supra*. The Court of Military Review considered the issue and upon reassessing the sentence, approved it. That court has the authority to either reassess the sentence or order a rehearing thereon and this Court will not normally interfere with its authority in such matters. *See United States v. Zunino*, 15 U.S.C.M.A. 179, 35 C.M.R. 151 (1964); *United States v. Christopher*, 13 U.S.C.M.A. 231, 32 C.M.R. 231 (1962). The court's action on the matter was not inappropriate as a matter of law. I would, therefore, affirm the decision of the Army Court of Military Review.