UNITED STATES, Appellee,

v.

Patrick F. DOWD, Specialist Four,
United States Army, Appellant.

No. 34,671.
CM 434697.

U. S. Court of Military Appeals.

Oct. 22, 1979.

For Appellant: *Captain William B. Ramsey* (argued); *Colonel Robert B. Clarke, Major Benjamin A. Sims, Captain D. David Hostler* (on brief); *Lieutenant Colonel John R. Thornock, Captain Steven J. McAuliffe.*

For Appellee: *Captain Michael J. Wall* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Michael B. Kennett, Captain Jack M. Hartman* (on brief).

FLETCHER, Chief Judge:

At a general court-martial, appellant pleaded guilty to possession of marijuana and possession of lysergic acid diethylamide with intent to distribute, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. § 892 and § 934, respectively. The members of his court-martial sentenced him to a dishonorable discharge, confinement at hard labor for 3 years, reduction to Private E–1, and total forfeitures. The convening authority approved the findings of guilty and the discharge, but pursuant to a pretrial agreement, reduced the confinement to 12 months and the forfeitures to $200 pay per month for 12 months. Upon further review, the United States Army Court of Military Review held that a defense request for a witness whose testimony was alleged to be material to the sentence had been improperly denied. To cure the error, the court reassessed the sentence, approving

only the dishonorable discharge, confinement at hard labor for 7 months, forfeiture of $200 pay per month for the same period, and reduction to the lowest enlisted pay grade. We granted review to determine whether the accused's pleas of guilty were improvident, and whether the Court of Military Review's reassessment of the sentence cured the alleged error in the sentencing proceedings.

The appellant entered into a pretrial agreement based upon the belief that the maximum authorized punishment for his offenses included 12 years' confinement at hard labor. *See United States v. Bowers,* 1 M.J. 200 (C.M.A.1975). At trial the military judge, with concurrence of both counsel, advised the appellant that the maximum confinement authorized for his offenses was 7 years. In view of para. 127*c,* Manual for Courts-Martial, United States, 1969 (Revised edition)[1] and also our decision in *United States v. Hughes,* 1 M.J. 346 (C.M.A. 1976),[2] the correct advice was 2 years. Under these circumstances such a discrepancy in sentence advice is substantial. *United States v. Harden,* 1 M.J. 258 (C.M.A.1976).

In the present case, there is no indication in the record of trial that the appellant was aware of possible sentence alternatives and intelligently decided to plead guilty regardless of the legal limit on confinement authorized for his offenses. *See United States v. Hedlund,* 7 M.J. 271 (C.M.A.1979); *United States v. Frangoules,* 1 M.J. 467 (C.M.A. 1976); *United States v. Harden, supra.* Since the appellant was substantially misinformed as to the consequences of his pleas, his consent to forgo trial with its attendant protections was not intelligent. Therefore, his plea must be invalidated. *See United States v. Castrillon-Moreno,* 7 M.J. 414 (C.M.A.1979).

The decision of the United States Army Court of Military Review is reversed; the findings of guilty and sentence set aside; the guilty pleas are vacated. A rehearing may be ordered.[3]

Judge PERRY * concurs.

COOK, Judge (dissenting):

In my opinion, the error in assessing the maximum imposable punishment did not render appellant's pleas of guilty improvident, and in view of the sentence approved below the appellant has not been prejudiced.[1] *See* my separate opinions in *United States v. Castrillon-Moreno,* 7 M.J. 414, 416 (C.M.A.1979); *United States v. Thurman,* 7 M.J. 26, 29 (C.M.A.1979).

The Court also granted an issue to determine whether the military judge committed reversible error by denying a defense request for a witness.

Appellant was stationed at Fort Carson, Colorado; however, after having been

---

1. *See* 33 D.C.Code ˙§ 701 *et seq;* Council Regulation 74–79, 21 D.C. Register 1525–26.

2. *See* Prosecution Exhibit 1.

3. Our disposition of this case makes it unnecessary to address the second issue raised by the appellant.

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

1. The court members were instructed that the maximum imposable confinement was 7 years. In his post-trial review, the staff judge advocate concluded the maximum imposable punishment for the offense involving LSD was only 1 year. Thus, he advised the convening authority that the total maximum imposable sentence was 3 years. Accordingly, he also erred by failing to advise the convening authority that the two offenses were multiplicious for sentencing. However, the convening authority's action was predicated on the basis that the maximum imposable confinement was 3 rather than 2 years; a difference which is substantially less than the misapprehension of the parties at trial. Furthermore, the Court of Military Review reduced the sentence on the erroneous basis that appellant had been improperly denied a requested witness. In view of the significant reduction of the sentence by the intermediate reviewing authorities and the fact that the appellant has served the adjudged confinement, I conclude that any prejudice resulting from the erroneous instruction has been alleviated and further reassessment of the sentence is not required.

granted leave, he proceeded to Korea for the purpose of visiting his wife's relatives and, incidentally, of supplying a friend with a substantial quantity of LSD. His plans were interrupted by his apprehension in an off-limits area. As the offenses were committed in Korea, court-martial proceedings were instituted there rather than at Fort Carson. Three days prior to trial, the defense submitted a request for a witness who was also stationed at Fort Carson. Having received no action on this request, he renewed it at trial. Trial counsel offered to stipulate to the testimony of the witness, but the defense insisted upon his personal attendance. In support of its request, the defense asserted the witness would be used during the sentencing portion of the trial and offered a memorandum which summarized a telephone conversation between the defense counsel and the requested witness. This memorandum identified the requested witness as a Major who supervised the appellant for about six months and had recommended the appellant's promotion to the grade of E–4. Furthermore, the witness indicated his belief, predicated upon his experience with other drug offenders, that appellant was rehabilitable and, therefore, he recommended that appellant be retained in the service. The military judge denied the request. The defense called two other character witnesses who gave favorable testimony for appellant. Additionally, the defense was permitted to read to the court members the aforementioned memorandum of the Major's conversation with defense counsel.

Appellant, citing *United States v. Carpenter*, 1 M.J. 384 (C.M.A.1976), submits that the failure to produce the requested witness constitutes reversible error. I disagree.

Factually, this case is clearly distinguishable from *Carpenter*. In *Carpenter*, the defense requested a character witness for use both on the merits and on sentencing; that request was denied on the basis that the trial interfered with the schedule of the witness and a defense attempt to schedule the trial to avoid the conflict was also rejected. Additionally, a defense request to depose the witness was denied. Thus, while the inconvenience to a witness may be a proper factor in evaluating whether his physical presence is required, the trial judge in *Carpenter* used it exclusively in denying the defense request without weighing it against the right of the accused to obtain witnesses in his behalf. Accordingly, the Court held that a forced stipulation as to what the witness would testify to if called was not an adequate substitute. In the present case, the witness was requested only for use during the sentencing portion of the trial; the defense made no attempt to depose the witness; the credibility of the witness was not in issue; and the request was denied on the basis that any benefit to the accused from the physical presence of the witness was far outweighed by the probable disadvantages of the delay in trial, especially considering that the request was made only the weekend before the trial.

In *United States v. Tangpuz*, 5 M.J. 426, 429 (C.M.A.1978), I noted there was no "inelastic rule to determine whether an accused is entitled to the personal attendance of a witness." Rather, the issue must be resolved after evaluating all the factors involved in the case. Applying that standard to the present case I conclude the facts reflect a proper exercise of the trial judge's discretion. Appellant involved himself in criminal misconduct after traveling a great distance from his duty station. Upon assessing the strength of the government's case, he decided to plead guilty and throw himself upon the mercy of the court. Thus, the only issue left for resolution by the court members was the appropriateness of the sentence to be imposed. The fact that his supervisor would recommend his retention in the service was presented to the court members by the defense counsel. Obviously, the credibility of the officer involved was not an issue in the case. I see little to be gained by the officer's personal attendance.

My resolution of the issue moots the question of whether the reduction of the sentence by the Court of Military Review was sufficient to purge the error it perceived in the trial judge's ruling. I would, therefore, affirm the decision of the Court of Military Review.