**UNITED STATES**

v.

**Senior Airman Michael T. PAYNE, FR 095–50–0976. United States Air Force.**

**ACM 22607.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 Aug. 1979.

Decided 1 May 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel James P. Porter and Colonel Merton F. Filkins.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

### DECISION

MILES, Judge:

Contrary to his pleas, accused was convicted of willful destruction of government property, larceny and issuing bad checks, violations of Articles 108, 121 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921, 923a. The approved sentence extends to a dishonorable discharge, confinement at hard labor for three years, forfeiture of $275.00 per month for six months, a fine of $5,000.00 or in lieu thereof an additional two years of confinement at hard labor, and reduction to airman basic.[1]

■ In this case, we hold that the documents which recorded telephone charges

---

1. Subsequent to the initial action, a different convening authority suspended forfeitures in excess of $120.00 per month for 6 months, with provision for automatic remission at the conclusion of the appellate process.

that the accused destroyed did not have the value alleged, namely the cost of the services which they record. As a result, the findings of guilty of willful destruction of government property are modified, and the sentence reassessed.

Accused was employed as a utility billing clerk in the accounting and finance office at an overseas base. Among other duties, he received long distance telephone toll tickets, prepared by communications personnel reflecting unofficial long distance telephone calls made by individuals. Various computer documents were then prepared from the toll tickets including a bill for telephone services. Individuals who received these bills could pay them in cash at the accounting and finance office.

The evidence established that the accused converted over $3800.00 in currency that he received from individuals who paid their telephone bills. This evidence supports his conviction for larceny in excess of $3800.00. The evidence also established that the accused destroyed a large number of toll tickets recording telephone calls before these services were billed, thereby resulting in individuals not being charged for these calls. Accused did this as favors for his friends, and on occasion for sexual favors or money. The documents destroyed were alleged to have a value of about $4000.00.

■ As a general rule, property is valued for purposes of wrongful destruction or larceny at its legitimate market value. Government property may be valued according to the price listed in official publications. See Manual for Courts-Martial, 1969 (Rev.), paragraph 200a (7). Paragraph 200a (7) also notes "[w]ritings representing value may be considered to have the value which they represented—even though contingently—at the time of the theft." Various documents have been held to have the

value they represent including checks made out to other payees, *United States v. Windham*, 15 U.S.C.M.A. 523, 36 C.M.R. 21 (1965); money orders, *United States v. Sowards*, 5 M.J. 864 (A.F.C.M.R.1978), pet. denied, 6 M.J. 127 (C.M.A.1978); airline tickets, *United States v. Stewart*, 1 M.J. 750 (A.F.C.M.R.1975); and gasoline coupons, *United States v. Cook*, 15 C.M.R. 622 (A.F. B.R.1954). Such documents are either negotiable instruments in the stream of commerce or capable themselves of being used to acquire goods or services.

■ However, no case had been found extending this Manual rule to accounts receivable, such as telephone toll records.[2] In our view such documents do not fall within the Manual rule, as writings representing value.[3] While they may record or even reflect value, they do not *represent* value as do negotiable instruments or other documents used to acquire goods or services. *United States v. Frost*, 22 U.S.C.M.A. 233, 46 C.M.R. 233 (1973); *United States v. Tucker*, 29 C.M.R. 790 (A.F.B.R.1960). See also *United States v. Nall*, 437 F.2d 1177 (5th Cir. 1971); Annot., 15 A.L.R.Fed. 336 (1973).

Since there was no evidence of market or other value, beyond "some" value, the findings of guilty of wrongful destruction must be modified. Accordingly, Charge I is modified by deleting the words "of a value of about $4000.00" and substituting therefor the words "of some value," and the words "the amount of said damage being in the sum of about $4000.00" are deleted as surplusage. We have considered the remaining assertions of error, one of which is largely mooted, and have resolved them adversely to the accused.

Reassessing the sentence on the basis of the findings of guilty as modified, we find

2. A more explicit rule might well include such writings as accounts. Title 18 U.S.C. § 661 (1976), larceny within special maritime and territorial jurisdiction, states, *inter alia*:

  If the property stolen consists of any evidence of debt, or other written instrument, the amount of money due thereon, or secured to be paid thereby and remaining unsatisfied,

or which in any contingency might be collected thereon . . . shall be the value of the property stolen.

3. Accused might have been charged with larceny of telephone services which were recorded in these statements of account, and the value of the writings themselves would not be an issue.

appropriate only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for two years and six months, forfeiture of $120.00 per month for six months and reduction to airman basic. As modified, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge, and ARROWOOD, Judge, concur.